## MACK v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit. October 24, 1928.

No. 5427.

Paul T. Chance, of Augusta, Ga., for appellant.

Chas. L. Redding, U. S. Atty., of Savannah, Ga.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

WALKER, Circuit Judge. This was an action on a war risk insurance policy or certificate by the appellant, the widow of the deceased soldier to whom the policy or certificate was issued to recover the amount of installments subsequent to the discontinuance in November, 1923, of the payment of installments to appellant. Appellee's amended answer to the petition contained the following:

"Further answering defendant avers that under the provisions contained in paragraph 5 of Section 22, War Risk Insurance Act of October 6, 1917 (40 Stat. 401), said payments of said insurance were discontinued as of December 7, 1918, because of the fact that plaintiff, the widow of the deceased soldier, William Mack, and beneficiary under said policy of insurance, was on said date, to wit, December 7, 1918, and for many years thereafter to defendant unknown, living with one Joe Crawford, and was then and thereafter guilty of open and notorious illicit cohabitation with the said Joe Crawford, which conduct upon the part of plaintiff under the said Section of said Act operated to terminate her right to compensation or insurance from the commencement of such cohabitation."

The court overruled a motion of the appellant to strike the above-quoted part of appellee's answer to the petition. That motion stated sundry grounds, among them that the provision of the statute referred to in the above set out part of the amended answer had been repealed, and that that provision was invalid, because violative of designated provisions of the Constitutions of Georgia and of the United States, including the equal protection and due process of law provisions of the Fourteenth Amendment to the Constitution of the United States. The bill of exceptions does not show that the court gave the instructions to the jury which are referred to in assignments of error, or that any instruction of the court to the jury was excepted to.

The repeal of the War Risk Insurance Act as amended was accompanied by the following provisions of the World War Veterans' Act of 1924:

"Sec. 602. The repeal of the several acts as provided in Section 600 and 601 hereof shall not affect any act done or any right or liability accrued, or any suit commenced before the said repeal, but all such rights and liabilities under said acts shall continue and may be enforced in the same manner as if said repeal had not been made. * * *

"Sec. 603. All offenses committed and all penalties or forfeitures incurred under any law embraced in this codification prior to said repeal may be prosecuted and punished in the same manner and with the same effect as if said repeal had not been made." 38 USCA §§ 571, 572.

The just quoted provisions kept the repeal of the War Risk Insurance Act as amended from affecting any right which accrued to the government before that repeal or any forfeiture which was incurred under any law referred to prior to that repeal. The following is the provision of the War Risk Insurance Act of 1917 which was referred to in the above set out part of appellee's answer: "And the open and notorious illicit cohabitation of a widow who is a claimant shall operate to terminate her right to compensation or insurance from the commencement of such cohabitation." 40 Stat. 401. The liability of the government under a war risk insurance contract is such only as the statute in pursuance of which the contract was entered into shows that the government consented to incur. White v. United States, 270 U. S. 175, 46 S. Ct. 274, 70 L. Ed. 530. The above-quoted provision of the statute plainly shows that under the contract sued on the right of the appellant to compensation or insurance was subject to be terminated because of her open and notorious illicit cohabitation. The above set out part of appellee's answer to appellant's petition shows that appellant was guilty of conduct which operated to terminate her right to compensation or insurance, and warranted the discontinuance of payments to her under the contract sued on. It follows that, under the terms of the applicable statute, appellant was not entitled to recover the whole or any part of the amounts sued for.

As to the suggestion that the right of the government, for the cause mentioned, to discontinue payments to appellant under the contract sued on, was affected by any constitutional provision referred to, it is enough to say that no constitutional provision invoked properly can be given the effect of subjecting the government to a contract liability which it did not consent to incur.

We conclude that the court did not err in overruling the above-mentioned motion to strike. No other ruling is presented for review.

The judgment is affirmed.