## UNITED STATES v. GARRISON et al.

District Court, S. D. Florida.
March 7, 1930.

226

W. P. Hughes, U. S. Atty., Louis S. Joel, Asst. U. S. Atty., and George W. Burke, Regional Atty., for United States Veterans' Bureau, all of Jacksonville, Fla., for the United States.

Worley & Worley and Henry K. Gibson, all of Miami, Fla., for defendants.

RITTER, District Judge.

This cause comes on for final decree. The court has heard the evidence and the argument of counsel.

On the 1st day of June, 1927, Laurence Hamilton Garrison was issued a "converted" insurance contract by the United States Veterans' Bureau, pursuant to an act of Congress known as the World War Veterans' Act, approved June 7, 1924 (43 Stat. 607). The beneficiary named was "Genieve Garrison, his wife." The insured died as a result of an airplane accident on November 25, 1928. Lillian A. Garrison appears as a claimant under this policy, asserting that she was the lawful wife of the insured at the time the policy was issued and continuously until his death, and proves her marriage as of February 21, 1919. Genevieve Garrison claims that she was the wife of the insured, as designated in the policy, and exhibits her marriage certificate dated January 19, 1926. Amy Louise Garrison is the minor child of Lillian A. Garrison and the deceased insured. The United States by the district attorney, has brought this matter before the court upon its bill of complaint, setting forth the facts, and the respective claimants have interpleaded. The United States prays a decision of the court as to which claimant the money due under the policy shall be paid.

The evidence adduced, in my opinion, discloses the fact that the insured and Lillian A. Garrison were husband and wife at the time this policy was taken out, and there was never any divorce granted to either one. It therefore follows that Genevieve Garrison was not his lawful wife at the time the policy was issued.

The Act of June 7, 1924, in effect at the time of the issuance of the insurance contract, provided (section 300 [38 USCA § 511]): "The insurance shall be payable only to a spouse, child, grandchild, parent, brother, sister, uncle, aunt, nephew, niece, brother-in-law or sister-in-law, or to any or all of them."

By Act approved May 29, 1928 (38 USCA § 511), Congress amended this section 300 of the Act of June 7, 1924, eliminating the aforesaid provision as to converted insurance, and providing that "yearly renewable term insurance shall be payable only to a spouse," etc. The insurance under consideration is a "converted policy."

The law provides for two forms of insurance, one the yearly renewal term policy, and the other converted insurance. The Act of June 7, 1924, made no distinction as to the class to which the policy should be payable. The amendatory Act of May 29, 1928, limits the class of beneficiaries to yearly renewable term insurance, thereby leaving the insured free to designate any beneficiary under converted insurance.

In Duplex Printing Press Co. v. Deering et al., 254 U. S. 443, 41 S. Ct. 172, 174, 65 L. Ed. 349, 16 A. L. R. 196, it is decided that "reports of committees of the Senate and House of Representatives, and explanatory statements in the nature of a supplemental report by the committee member in charge of a bill in course of passage, may be regarded as an exposition of the legislative intent, where the meaning of a statute is obscure."

Referring then to the report of the committee, we find the following to be stated therein (House and Senate Reports on H. R. 13039): "Section 13 amends Section 300 of the Act by removing the restriction on the designation of a beneficiary for converted insurance to a permitted class. The permitted class of beneficiaries will still remain in the statute in-so-far as yearly renewable term insurance is concerned. The committee is of the opinion that in view of the fact that the insured under converted insurance is paying an ample premium for the protection afforded, he should be given the same right with regard to designating a beneficiary or changing a beneficiary as he would have under a commercial insurance policy."

The amendatory act further provides: "This section [as amended] shall be deemed to be in effect as of June 7, 1924."

This is a clear exposition of the legislative intent.

The insurance contract in question was issued prior to the amendment aforesaid, and would have inured to the benefit of Lillian A. Garrison and her child, had not Congress amended the act as we have stated and made it retrospective, so that the effect is to validate the designation of the beneficiary to Genieve Garrison, without reference to whether she was his wife or not at the time. The question then confronting us is whether Congress has the power to effect this change so as to divest Lillian A. Garrison, the lawful wife, of her interest.

The insurance plan of the government is for the benefit of the public. It is not to be considered under the laws and rules applicable to commercial insurance. The insurance contract has both pension and business features, which takes it out of the general insurance business considerations. The courts have refused to apply to these policies the law of old line insurance and hold that a designated beneficiary out of the class stated by law at the time of the issuance of the policy may be validated by subsequent amendatory act. No vested rights therefore exist in a beneficiary.

In Horst v. U. S. (D. C.) 283 F. 600, 605, it is said: "It is concluded that those who claim the benefits of a soldier's certificate only by reason of the original invalidity of a curable designation of beneficiary have no paramount rights that can survive an act of Congress curing such designation after the soldier's death." U. S. v. Conklin (C. C. A.) 27 F.(2d) 45; Gross v. U. S. Mortgage Co., 108 U. S. 477, 2 S. Ct. 940, 27 L. Ed. 795; Cassarello v. U. S. (D. C.) 271 F. 486; Gilman's Heirs v. U. S. (D. C.) 290 F. 614; Von Der Lippe-Lipski v. U. S., 55 App. D. C. 202, 4 F.(2d) 168, 169; White v. U. S., 270 U. S. 175, 46 S. Ct. 274, 70 L. Ed. 530.

The only question remaining is whether the designation in the policy of "Genieve Garrison, his wife," disclosed the intention of the insured to name his legal wife in the use of the words "his wife," or whether these words are to be ignored, as we have stated Genieve Garrison was not his legal wife. The evidence shows that there was an attempt at establishing a marriage between Genevieve Garrison and insured—a marriage certificate was actually issued prior to the date of the policy. We cannot say, therefore, that the insured did not have in mind and intend, in designating "Genieve" as his wife, to have done so under the aforesaid pretended marriage. There is no evidence that Genieve knew of the insured being married to Lillian at the time, and the insured may have led her to believe in their lawful relation and called her his wife. The intention of the insured must be followed, and, from the evidence, we cannot say otherwise than that the words "his wife" were intended to describe Genevieve. The name "Genieve" in the policy has been identified as "Genevieve" in the pretended marriage certificate and as the claimant here.

I therefore decide that the claimant Genevieve Garrison is entitled to be paid the money due under the policy in question; that the policy be surrendered to the court to be marked "Canceled" when the money is paid. A decree may be prepared accordingly.