In re Estate of Herman Schmidt, Deceased.
Samuel Dupuis, Appellant, v. Louis Schmidt, Appellee.

Heard in this court at the October term, 1930. Opinion filed January 19, 1931. Rehearing denied February 24, 1931.

L. N. NICK PERRIN, JR. and LEROY F. PERRIN, for appellant.

JAS. G. MCHALE and ERNEST R. MCHALE, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Herman Schmidt was a soldier in the World War and carried war risk insurance. His mother was named as beneficiary. The insured died in 1918 and monthly payments were made under the insurance contract to his mother until she died in 1928. The balance then amounted to $5,887, which sum the United States paid to the administrator of the estate of the said Herman Schmidt. The administrator presented its

final report to the probate court in which it proposed to pay half of the fund to the father of the insured and the other half to his stepfather. Objections were presented by the father, but the same were overruled and he then appealed to the circuit court. That court held that the father of the insured was entitled to the whole amount and ordered the administrator to file a new report in accordance with such finding. From that order the stepfather, Samuel Dupuis, appealed to this court.

The sole question presented is whether appellant, the stepfather, is entitled to one-half of the insurance fund. Herman Schmidt was the only child of Louis Schmidt and Ellen Schmidt. They were divorced and Ellen Schmidt married appellant, who, at the time of her death in 1928, was her only heir at law.

Appellee concedes that upon the death of the beneficiary the United States properly paid the balance of the insurance fund to the estate of the insured under United States Code Annotated, Title 38, Section 514. He contends, however, that a stepfather is not a permitted beneficiary under the act of congress, and for that reason he is not entitled to any portion of the fund. Section 511 of the United States Code, aforesaid, provides that the insurance shall be payable only to a spouse, child, grandchild, parent, brother, sister, uncle, aunt, nephew, niece, brother-in-law, or sister-in-law. Section 424 of the same United States Code provides that the word "parent" as used in said section 511, shall include a stepfather. We are not advised as to whether said section 424 was a part of the statute at the time the insurance certificate was issued to Herman Schmidt. The certificate, however, provided in terms that it should be subject to the provisions of the Act of 1917 and all amendments that might be thereafter made. Congress had the power and authority to enlarge the permitted class of beneficiaries. *White v. United States,* 270 U. S. 175.

The great weight of authority is to the effect that those entitled to the insurance fund as a part of the estate of the insured shall be determined as of the date of the death of the insured. 55 A. L. R. 596. At the time of the death of the insured, his only heirs at law were his father and mother. Each of them then became entitled to one-half of the insurance but subject to the right of the mother to receive the monthly instalments as beneficiary so long as she lived. When she died in 1928, the value of the remaining instalments became a part of the estate of the insured. At the death of the mother she left her second husband as her only heir at law. Under the act of congress he was a member of the permitted class of beneficiaries and he was also the only heir at law of the mother of the insured and became entitled to one-half of the insurance fund in the hands of the administrator.

The original War Risk Insurance Act has been amended several times and by reason thereof there seems to be much confusion in the decisions pertaining to questions of this character. The original act provided that if no beneficiary within the permitted class be designated by the insured, either in his lifetime or by his last will and testament, or if the designated beneficiary does not survive the insured, the insurance shall be payable to such person or persons within the permitted class of beneficiaries as would under the laws of the State of the residence of the insured be entitled to his personal property in case of intestacy. That provision was changed in 1925, and in the contingency specified, the present value of the balance of the insurance fund is to be paid to the estate of the insured. Congress then omitted the provision, which previously existed, limiting the payment to such person or persons as were then within the permitted class of beneficiaries as would under the laws of the State of the residence of the insured, be entitled to his per-

sonal property in case of intestacy. The amendment of 1925, in that regard, is section 514 of the U. S. Code hereinabove mentioned. In some cases the courts overlooked the fact that congress had also enlarged the class of beneficiaries by section 424 of the Code aforesaid. In the case at bar appellant is not only within the permitted class of beneficiaries but he is also the sole heir at law of the mother of the insured and is entitled to one-half of the fund. The father of the insured is entitled to the other half. The judgment of the circuit court is reversed and the cause remanded with directions to enter a judgment in accordance with the views herein expressed.

*Reversed and remanded with directions.*