## ROSS v. UNITED STATES.
### No. 5910.

Circuit Court of Appeals, Fifth Circuit.

April 27, 1931.

Neal Powers and W. F. Weeks, both of Wichita Falls, Tex. (Weeks, Morrow, Francis & Hankerson, of Wichita Falls, Tex., on the brief), for appellant.

Norman A. Dodge, U. S. Atty., and Alex M. Mood, Asst. U. S. Atty., both of Fort Worth, Tex., and Eric Eades, Regional Atty., U. S. Veterans' Bureau, of Dallas, Tex., for the United States.

Before BRYAN and FOSTER, Circuit Judges, and HUTCHESON, District Judge.

542

FOSTER, Circuit Judge.

Appellant brought suit to recover on a certificate of war risk insurance issued to William S. Ross, in the sum of $10,000, on August 10, 1918, at which time he was serving in the army of the United States. Ross was honorably discharged on April 4, 1919. The premiums were paid through April, but the insurance lapsed on May 1, 1919. The suit was brought on the theory that at the time Ross was discharged from the army he was totally and permanently disabled. The case was tried to a jury and a verdict was returned in favor of the United States. From a judgment based thereon this appeal is prosecuted. Errors are assigned to the refusal of certain special requests for instructions and to parts of the general charge.

■ Appellant requested the court to charge the following definition of total disability: "Total disability means any impairment of mind or body which renders it impossible for the disabled person to follow continuously any substantially gainful occupation."

Instead of giving the charge requested, the court charged the definition as follows: Total and permanent disability means "any impairment of mind or body which continuously renders it impossible for the disabled person to follow any substantially gainful occupation, and which is founded upon conditions which render it reasonably certain that it will continue throughout the life of the person suffering from it."

Appellant argues that the definition requested was correct, relying upon our decision in U. S. v. Cox, 24 F.(2d) 944, and other decisions of substantially the same import; and that the definition given tended to confuse the minds of the jury and lead them into rendering an erroneous verdict. The definition given is identical with that adopted by the United States Veterans' Bureau, as appearing in their schedule of disability ratings, adopted after the passage of the World War Veterans' Act of 1924 (38 USCA § 421 et seq.). A condition of the certificate of insurance was that it was subject to the provisions of all regulations then in force or thereafter adopted. Any reasonable regulations adopted after the certificate issued would form part of the contract. White v. U. S., 270 U. S. 175, 46 S. Ct. 274, 70 L. Ed. 530. This is not disputed by appellant, but it is argued that a regulation adopted after the policy matured would have no application. It is unnecessary to review the authorities cited by appellant or enter into a discussion of this question. Each case depends upon its own particular facts, and the case presented on this appeal is largely one of fact.

■ It was shown without conflict by the evidence that during April, 1919, a few days after his discharge from the army, Ross was employed as a tool dresser in the oil fields. The work required of him both strength and skill and was the same class of labor he had performed before enlistment. For about four months, beginning in September, 1922, he worked continuously for an oil company receiving at first $4 a day and later $6 a day. It was also shown that he did work of a similar character between the dates mentioned. In all this work his services were satisfactory, and he was never discharged until the particular job was finished, although in one instance he quit of his own volition after hurting his hand. As the policy had lapsed for nonpayment of premiums and had not been reinstated, it was incumbent upon appellant to show his total disability at the time of his discharge from the army or within the grace period, ending the first day of May, 1919.

■■ There is no substantial difference between the definition given and the definition asked. What slight difference there is results from the transposition of the word "continuously," which could be left out altogether without weakening the regulation. To be able "to follow any substantially gainful occupation," within the practical common-sense meaning of the phrase, implies ability to work at it all the time. Under neither the definition requested nor the one given by the court could the jury reasonably have found that Ross was permanently and totally disabled so as to mature the policy while it was in force. The definition given in the general charge could not have tended to confuse the jury and to prevent the reaching of a correct verdict.

The other special requests, so far as applicable, were fully covered by the general charge.

The record presents no reversible error.

Affirmed.