## NANCE v. UNITED STATES.
### No. 6490.

Circuit Court of Appeals, Fifth Circuit.
May 10, 1932.

Joseph B. Crow and R. F. White, both of Shreveport, La., for appellant.

Philip H. Mecom, U. S. Atty., and J. Fair Hardin, Asst. U. S. Atty., both of Shreveport, La., and F. O. Chavez, Veterans' Administration, of New Orleans, La., for the United States.

Before BRYAN, FOSTER and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

Appellant brought suit on a policy of war risk insurance for $10,000 issued to him as a soldier by the United States, alleging total and permanent disability at the time of his discharge from the army. At the close of the evidence, the District Court sustained a motion of the United States for a directed verdict. The only error assigned is to that ruling. The case presented is essentially one of fact.

The following appears from the record. At the time of plaintiff's enlistment he was a student at the Louisiana State Normal College and was in sound health, except that he suffered from a chronic affliction of nose-bleeding. This continued while he was in the army and he received treatment for it. He served in the Chateau Thierry sector and was knocked down by the explosion of a shell in the early part of November, 1918. He was also gassed. While in the army he suffered from dysentery and his feet were frost bitten. He was given an honorable discharge on May 15, 1919, and his physical condition was then reported good. Premiums were deducted from his pay during his period of service, but he paid no premiums on the policy after his discharge. He made application for insurance benefits under the policy on September 13, 1930, and this was denied. In 1919 he was examined by Dr. Herold, employed by the Veterans' Bureau. Dr. Herold found he was quite nervous and rather excited, but could find no evidence of any chronic nervous disease. Dr. Herold did not think he was able to follow any substantial gainful occupation at that time, but thought he could do so after he was built up. He was classed as not totally disabled, but probably about 25 per cent. disabled. After that he was given vocational training and attended Tulane Law School for the school years of 1920 and 1921. He failed to pass the bar examination, but continued his law studies in a lawyer's office. For two years, from January, 1924, he worked for the Ohio Oil Company at Shreveport, working eight hours a day at clerical work. He was first paid $110 a month, and that was raised to $140 per month. His main work was writing up gas charts and filing gasoline cards which required concentration. He was regular in attendance on his work. He was not discharged because his service was unsatisfactory, but because of a disagreement with one of his superiors. After that he worked approximately seven months for a firm of doctors, doing bookkeeping and clerical work, but he did not do all the work that he might have done. So far the testimony is without contradiction.

On the other hand there was evidence tending to show that he had been suffering from a chronic duodenal ulcer, and had other ailments that might have resulted from being gassed; that he took aspirin continuously, sometimes as much as sixty grains a day, and was nervous and irritable. There was also testimony from several doctors that in their opinion he was not able to continuously follow any gainful occupation at the time of the trial, which was in March, 1931.

After the policy had lapsed for nonpayment of premiums, and benefits applied for had been denied, in order to recover, it was necessary for appellant to show that he was totally and permanently disabled at the time the payment of premiums ceased, or within the grace period, so that the policy then matured. Under the undisputed evidence in the record, there could be no doubt that condition did not exist. Therefore, notwithstanding the testimony tending to show his total incapacity at the time of the trial, or within the period between that and his discharge by the Ohio Oil Company, there was nothing to go to the jury. The United States was entitled to the general affirmative charge. Ross v. United States (C. C. A.) 49 F.(2d) 541.

The record presents no reversible error.

Affirmed.