490

## LYNCH v. UNITED STATES.
### No. 7071.

Circuit Court of Appeals, Fifth Circuit.
Nov. 3, 1933.

Rehearing Denied Dec. 14, 1933.

John J. McCreary, of Macon, Ga., for appellant.

T. Hoyt Davis, U. S. Atty., and A. Edward Smith, Asst. U. S. Atty., both of Macon, Ga., and Randolph Shaw, Sp. Asst. to Atty. Gen., for the United States.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

In April, 1933, appellant filed suit as beneficiary to recover on a policy of war risk insurance in the sum of $10,000, issued to her son while he was enlisted in the United States Navy. The material facts disclosed by the allegations of the petition are these: The policy was kept in force by the payment of premiums until September 1, 1919. No premiums were thereafter paid. The insured was totally and permanently disabled before September 1, 1919, and the policy therefore matured. He died November 27, 1924. By reason of his total and permanent disability, the insured was entitled to compensation suffi-cient to pay the premiums on the policy until it matured by his death. No compensation was ever paid him. Appellant presented the claim for payment of the insurance on February 20, 1933, which claim was denied on March 29, 1933, and a disagreement thereby arose.

The United States demurrer to the complaint on the ground that the court was without jurisdiction to entertain the suit because of the provisions of the Act of March 20, 1933 (38 USCA § 701 et seq.), entitled an act to maintain the credit of the United States government. The demurrer was sustained. This appeal followed.

Section 17 of the Act of March 20, 1933 (38 USCA § 717), repeals all public laws granting compensation and disability allowances to veterans and all laws granting or pertaining to yearly renewable term insurance, with certain exceptions not material to this case, but in general terms vests in the Administrator of Veterans' Affairs, under the general direction of the President, authority to review and pass upon such claims. Section 5 of the act (38 USCA § 705) provides: "All decisions rendered by the Administrator of Veterans' Affairs under the provisions of this chapter, or the regulations issued pursuant thereto, shall be final and conclusive on all questions of law and fact, and no other official or court of the United States shall have jurisdiction to review by mandamus or otherwise any such decision."

Appellant contends that the policy of insurance sued upon is a contract in which she has a vested right; that the Act of March 20, 1933, impairs the obligation of that contract and deprives her of property without due process of law, in violation of the Fifth Amendment, and is therefore invalid; that under the Tucker Act (24 Stat. 505), not repealed, the District Court had jurisdiction to entertain the suit as it was based on a breach of contract.

We need not discuss in detail the interesting questions raised by appellant. It is elementary that the United States may not be sued without her consent. Section 5 of the Act of March 20, 1933 (38 USCA § 705), is broad enough to deprive the District Court of jurisdiction whether vested by the provisions of the Tucker Act (28 USCA § 41 (20) or under the provisions of the World War Veterans' Act 1924, § 19, as amended (38 USCA § 445). Conceding that the policy of insurance is a contract, it was subject to any provision of law subsequently enacted by Congress and appellant's constitutional rights

were not impaired thereby. White v. U. S., 270 U. S. 175, 46 S. Ct. 274, 70 L. Ed. 530.

Affirmed.