## WILNER v. UNITED STATES.
### No. 5050.

Circuit Court of Appeals, Seventh Circuit.
Jan. 12, 1934.

Edward H. S. Martin, of Chicago, Ill., for appellant.

Will G. Beardslee, Sp. Asst. to Atty. Gen., and Dwight H. Green, U. S. Atty., and Francis J. Kennedy, Asst. U. S. Atty., both of Chicago, Ill., for the United States.

Before ALSCHULER, SPARKS, and FITZHENRY, Circuit Judges.

FITZHENRY, Circuit Judge.

This is an appeal from a judgment dismissing appellant's suit for want of jurisdiction and for costs, upon sustaining appellee's demurrer to appellant's petition. Suit was brought April 28, 1933, under an alleged disagreement on April 7, 1933, with the Administrator of Veterans' Affairs, to recover permanent disability and death benefits under a war risk insurance certificate issued to the soldier Meyer Wilner.

The petition charges that the soldier died intestate May 15, 1929, at Chicago, Cook county, Ill. Appellant was appointed administrator of his estate May 20, 1929, and qualified. The soldier enlisted in the military service September 19, 1917, and was honorably discharged March 31, 1919; while in the service, the insurance policy in question in the sum of $10,000 was granted him; all premiums on it were deducted from the soldier's pay; appellant, a brother, was named as beneficiary. It was also alleged that the soldier became totally and permanently disabled April 15, 1919. Proof of disability was made by the soldier, and appellant made due proof of death to appellee and demanded payment. The Veterans' Bureau, the Veterans' Administration, and the Administrator of Veterans' Affairs allowed the claim to go for an unreasonable time after making proofs to the Veterans' Bureau, to wit, from November 15, 1928, as to the claim of decedent, and from May 17, 1929, as to the claim of petitioner, to April 17, 1933, without an ultimate decision thereon.

The alleged disagreement is with the Administrator of Veterans' Affairs as to appellant's claims, in having wholly failed and refused to pay the said money or any thereof, reciting the particulars as to the denial of said claims, made in writing April 7, 1933, on the purported authority of section 17 of an act entitled, "An Act to Maintain the Credit of the United States Government," Public No. 2, 73d Congress, approved March 20, 1933 (38 USCA §§ 717, 718), charging that thereby a disagreement existed between appellant and the Administrator of Veterans' Affairs.

The petition charges that the act referred to is unconstitutional, being an attempt to delegate legislative powers to an executive officer, contrary to section 1, article 1, of the Constitution; also for the reason that it amounts to taking from appellant his rights under the contract of insurance without making compensation therefor, and that the act referred to deprives appellant of property without due process of law and takes from him his private property for public use without just compensation, in violation of the Fifth Amendment.

The date originally charged when the soldier became totally and permanently disabled was August 18, 1918; by amendment, the date was changed to April 15, 1919, which brought the cause of action within the ten-year statute of limitations in Illinois (Smith-Hurd Rev. St. Ill. 1933, c. 83, § 17).

Appellant has raised many interesting constitutional questions in his arguments and briefs. Section 17 of An Act to Maintain the Credit of the United States Government (title 38 USCA § 717) repeals "all public laws granting * * * compensation and other allowances, * * * to veterans and the dependents of veterans of * * * the World War. * * *" It also contains the following provision:

"And all laws granting or pertaining to yearly renewable term insurance are hereby repealed. * * * The Administrator of Veterans' Affairs under the general direction of the President shall immediately cause to be reviewed all allowed claims under the above referred to laws and where a person is found entitled under this chapter, to authorize payment or allowance of benefits in accordance with the provisions of this chapter. * * *"

All cases where suit has been commenced prior to the passage of the act, or where payment has been allowed and commenced, or where a judgment has been rendered by a court of competent jurisdiction on a contract for yearly renewable insurance, or which may hereafter be rendered in any such suit now pending, under contracts for yearly renewable term insurance, are excepted from the operation of the above provisions.

Because the act permits the Administrator to re-examine the cases and to make allowances according to regulations prescribed by the President, it is claimed there is an unwarrantable delegation of legislative power.

The material section, so far as the jurisdiction of this court is concerned, is section 5

(title 38 USCA § 705), which makes all decisions of the Administrator of Veterans' Affairs, under the provisions of the act or regulations issued pursuant thereto final and conclusive on all questions of law and fact "and no other official or court of the United States, shall have jurisdiction to review by mandamus or otherwise any such decision."

The United States Circuit Court of Appeals for the Fifth Circuit very recently had almost the precise questions here involved before it in Margaret Shea Lynch v. United States, 67 F.(2d) 490. In an opinion filed November 3, 1933, the court said:

"We need not discuss in detail the interesting questions raised by appellant. It is elementary that the United States may not be sued without her consent. Section 5 of the Act of March 20, 1933 (38 USCA § 705), is broad enough to deprive the District Court of jurisdiction whether vested by the provisions of the Tucker Act (28 USCA § 41 (20) or under the provisions of the World War Veterans' Act 1924, § 19, as amended (38 USCA § 445). Conceding that the policy of insurance is a contract, it was subject to any provision of law subsequently enacted by Congress and appellant's constitutional rights were not impaired thereby. White v. United States, 270 U. S. 175, 46 S. Ct. 274, 70 L. Ed. 530."

We believe the Circuit Court of Appeals reached the proper decision in the Lynch Case, supra, and that its conclusions are sound. There is no unlawful taking of property without due process of law for the reason there is no vested right conferred upon a beneficiary in a war risk insurance policy. White v. United States, 270 U. S. 175, 46 S. Ct. 274, 70 L. Ed. 530.

It is well settled that a sovereign may, by legislation, abrogate the right previously granted to sue it. Munn v. Illinois, 94 U. S. 113, 24 L. Ed. 77; Id., 69 Ill. 80; Orr v. Allen, 248 U. S. 35, 39 S. Ct. 23, 63 L. Ed. 109.

Section 17 of the Act of March 20, 1933, deals with claims of the same general character as those which are now cognizable in the United States Court of Claims and the United States Court of Customs Appeals; that is, they are of such a character as the Congress might for consideration and disposition "confer upon an executive officer or administrative board, or an existing or specially constituted court, or retain for itself, the power to hear and determine controversies respecting claims against the United States." Ex Parte Bakelite Corporation, 279 U. S. 438, 49 S. Ct. 411, 73 L. Ed. 789; Williams v. United

States, 289 U. S. 553, 579, 53 S. Ct. 751, 760, 77 L. Ed. 1372; Den ex dem. Murray's Lessee v. Hoboken Land & Improvement Co., 18 How. 272, 15 L. Ed. 372.

Under these same authorities, section 17 of the Act of March 20, 1933, does not violate section 1, article 1, of the Constitution of the United States, as an unwarranted delegation of legislative power to the executive.

For many years following the Civil War and the Mexican War, the allowance of pensions was handled entirely by the Congress itself. Many thousands of special acts were passed granting relief to specific veterans or their widows.

In United States v. Ferreira, 13 How. 40, 48, 14 L. Ed. 42, the United States Supreme Court was referring to an act of Congress passed in pursuance of a treaty directing that the judges of the territorial courts of Florida should examine and adjudge certain claims against the United States for losses suffered as the result of military operations. The statute gave the right to review to the Secretary of the Treasury. The court held that the power conferred, although judicial in nature, was nothing more than the power ordinarily given by law to a commissioner appointed to adjust claims under a treaty, and held that the statute was not unconstitutional because it conferred the power to review upon the Secretary of the Treasury.

In Williams v. United States, supra, the Supreme Court said:

"And since Congress, whenever it thinks proper, undoubtedly may, without infringing the Constitution, confer upon an executive officer or administrative board, or an existing or specially constituted court, or retain for itself, the power to hear and determine controversies respecting claims against the United States, it follows indubitably that such power, in whatever guise or by whatever agency exercised, is no part of the judicial power vested in the constitutional courts by the third article."

It is clear that, when Congress, in the Act of March 20, 1933, with reference to claims of the character here involved, after giving the Administrator of Veterans' Affairs the power of final and conclusive decision on all questions of law and fact, said, "And no other official or court of the United States shall have jurisdiction to review by mandamus or otherwise any such decision" (section 5, being title 38 USCA § 705), no provision of the Constitution was infringed.

While the Act of March 20, 1933, involves

a substantial reversal of policy by the Congress upon the same subject-matter, yet the advisability or desirability of such action is a matter that was addressed to the legislative discretion of the Congress and not to the courts.

Any benefits to which appellant may be entitled under the law are now within the discretion of the President and the Administrator of Veterans' Affairs. All jurisdiction to hear and determine such matters has been withdrawn from the courts of the United States. Stanley v. Schwalby, 162 U. S. 255, 16 S. Ct. 754, 40 L. Ed. 960; Eastern Transportation Co. v. United States, 272 U. S. 675, 47 S. Ct. 289, 71 L. Ed. 472; Collector v. Hubbard, 12 Wall. 1, 16, 20 L. Ed. 272. In the latter case the court said:

"A party cannot have any vested right in a remedy conferred by an act of Congress to prevent Congress from modifying it or adding new conditions to its exercise."

The court below properly dismissed the suit for want of jurisdiction. It went farther, however, and gave judgment against appellant for costs. It was error to tax costs against appellant, where the court finds it has no jurisdiction. Inglee v. Coolidge, 2 Wheat. 363, 4 L. Ed. 261; Mayor of Nashville v. Cooper, 6 Wall. 247, 18 L. Ed. 851; Hornthall v. Collector, 9 Wall. 560, 19 L. Ed. 560; Citizens' Bank of Louisiana v. Cannon, Sheriff et al., 164 U. S. 319, 17 S. Ct. 89, 41 L. Ed. 451; Conley v. Ballinger, 216 U. S. 84, 30 S. Ct. 224, 54 L. Ed. 393.

The judgment will be reversed, and the cause remanded, with directions to enter judgment dismissing appellant's petition, without costs.