## JACOBS v. UNITED STATES.
### No. 56.

District Court, E. D. Louisiana.
June 30, 1939.

Fred G. Benton, of Baton Rouge, La., for plaintiff.

Rene A. Viosca, U. S. Atty., and Robert Weinstein, Asst. U. S. Atty., both of New Orleans, La., for defendant.

BORAH, District Judge.

Plaintiff, the natural acknowledged son of the deceased veteran, Alex Jacobs, filed this action on December 17, 1934 against the United States, claiming that under the provisions of Section 305 of the World War Veterans' Act, as amended, 38 U.S.C.A. § 516, he is entitled to recover on a policy of War Risk Insurance in the sum of $10,000, which issued to his father while in the United States Army.

By an agreement in writing the parties waived a jury and the case was argued and submitted on the facts as set forth in the pleadings and in the written stipulation on file. The various documents enumerated in the stipulation were offered in evidence and, as agreed, testimony was offered by the Government to establish the fact that Rose Jacobs was the dependent mother of Alex Jacobs, the veteran, within the meaning of Title 38, Section 516, as amended. The Government's proof in this regard is satisfactory and convincing, and since plaintiff does not contend otherwise it is apparent from the foregoing that this case presents no issues of fact.

In compliance with Rule 52, 28 U.S.C. A. following section 723c, the Court makes the following special findings of fact:

I. The deceased veteran, Alex Jacobs, enlisted in the military service under date of June 18, 1918, and was honorably discharged on July 17, 1919. During the period of service he applied for and was granted a contract of war risk insurance in the sum of $10,000, on which premiums were paid to include the month of July 1919. No premiums were thereafter paid. In his application for insurance the veteran designated Ernestine Jacobs, his wife, and Rose Jacobs, his mother, as beneficiaries in the sum of $5,000 each. Ernestine Jacobs is still living but she is not the wife of Alex Jacobs. Rose Jacobs, the veteran's dependent mother, died on November 23, 1921.

II. At the time of discharge from the service, the veteran claimed no disability or impairment of health, and none was noted by the commanding officer or the examining surgeon. On March 15, 1920, he executed a claim for compensation and stated the nature and extent of his disability was "pain in left side", that said disability began in June, 1918, that he was precluded from working on account thereof and that he had no attending physician. The veteran died on August 16, 1920. Cause of death was recorded as pulmonary tuberculosis. Various ratings for compensation purposes were made; however, on March 5, 1925 a final rating was made by the then Central Office Board of Appeals, sitting at Washington, D. C., granting compensation in an amount sufficient to revive the policy upon which the plaintiff in this case bases his claim under Section 305 of the World War Veterans' Act, as amended.

III. On June 7, 1932 plaintiff executed a formal claim for insurance which was received by the Veterans' Administration on June 10, 1932. The Insurance Claims Council under date of March 2, 1933, held that "the veteran, for insurance purposes, was not permanently and totally disabled at date of discharge from military service, as alleged, but was permanently and totally disabled, for insurance purposes, from March 15, 1920." On March 3, 1933 the Computing Section of the Veterans' Administration calculated that under Section 305 of the World War Veterans' Act, as amended, there was a net commuted value of insurance in the sum of $9,946.30.

IV. The Honorable Bolivar E. Kemp, Member of Congress, who was acting for the present claimant, was advised by the Assistant Administrator under date of March 11, 1933 that as a result of the decision of the Insurance Claims Council it appeared that the full amount of the war risk insurance would be revived under Section 305 of the World War Veterans' Act, as amended. However, he was subsequently advised on April 8, 1933, "that in view of the provisions of Public No. 2, 73rd Congress favorable consideration of the

claim for benefits under a contract of yearly renewable term insurance was barred".

V. On April 26, 1933 the plaintiff filed suit against the Government in the sum of $10,000, less the unpaid premium from July 17, 1919, date of discharge, until August 16, 1920, date of death, with interest thereon at the rate of 5 per cent per annum. To this petition the Government excepted on jurisdictional grounds and the plea was sustained in accordance with the then prevailing ruling in this circuit, as enunciated in the case of Lynch v. United States, 5 Cir., 67 F.2d 490. The plaintiff thereafter took no further action in this case.

VI. Following the adoption of Section 35, Public No. 141, 73rd Congress, 38 U.S.C.A. § 511a, petitioner renewed his claim before the Veterans' Administration, and under date of July 9, 1934 he was advised by the Director of Insurance that pursuant to the authority contained in the aforementioned section his application for insurance benefits had been reviewed both as to the date of permanent and total disability for insurance purposes, and as to the right of the veteran to receive compensation prior to the date of permanent and total disability. The Director's advisory letter further stated that "In the review of the compensation feature of the case, it has been found that the previous rating under which he was paid compensation on the basis of a temporary partial 25 per cent disability from the date of discharge to the date of permanent and total disability was in error; that he was not in fact entitled to compensation over the period during which the premiums were not paid on his yearly renewable term insurance, and that there is therefore no basis for the application of Section 305 of the World War Veterans' Act, as amended, as was previously determined. Under the circumstances therefore no benefits of yearly renewable term insurance may be paid and the claim must be denied". The claimant appealed this ruling to the Board of Veterans' Appeals and on November 16, 1934 the Board approved the action by the Veterans' Administration and denied the appeal.

VII. On December 17, 1934 plaintiff filed the instant action against the Government praying, as in the former action, for judgment in the sum of $10,000, less unpaid premiums due from July 17, 1919, date of discharge, until August 16, 1920, date of death, with interest thereon at 5 per cent per annum. To this complaint, as amended, the Government filed an exception to the jurisdiction of the Court, an exception of no right or cause of action, a special plea in bar, a motion to strike and a motion to elect. These exceptions and motions were all overruled; whereupon the Government filed its answer with full reservation of its right under the aforementioned pleadings.

VIII. Plaintiff now admits that the administrator of the deceased veteran would be entitled to collect for that portion of the insurance which matured during the veteran's lifetime and that the administrator of the deceased beneficiary would be entitled to collect for that part of the insurance which matured between the date of the death of the veteran and the date of the death of the deceased beneficiary. Consequently the amount here in controversy is the commuted value of the installments maturing subsequent to the death of the mother, the named beneficiary. Plaintiff, as a surviving child, claims that he is entitled to recover these installments under Section 305 of the World War Veterans' Act of 1924, as amended July 2, 1926, (38 U.S.C.A. § 516), as amended, which section as amended reads as follows:

"§ 516. *Same; availability of compensation to revive insurance.* Where any person has heretofore allowed his insurance to lapse, or has canceled or reduced all or any part of such insurance, while suffering from a compensable disability for which compensation was not collected and dies or has died, or becomes or has become permanently and totally disabled and at the time of such death or permanent total disability was or is entitled to compensation remaining uncollected, then and in that event so much of his insurance as said uncollected compensation, computed in all cases at the rate provided by section 302 of the War Risk Insurance Act as amended December 24, 1919, would purchase if applied as premiums when due, shall not be considered as lapsed, canceled or reduced; and the Veterans' Administration is hereby authorized and directed to pay to said soldier, or his beneficiaries, as the case may be, the amount of said insurance less the unpaid premiums and interest thereon at 5 per centum per annum compounded annually in installments as provided by law: Provided, That insurance hereafter revived under this section and section 516b of this title by reason of permanent and total disability or by death of the insured, shall be

paid only to the insured, his widow, child or children, dependent mother or father, and in the order named unless otherwise designated by the insured during his lifetime or by last will and testament: Provided further, That compensation which is uncollectible by reason of the provisions of section 310 of the War Risk Insurance Act, as amended, or section 499 of this title, shall be considered as uncollected compensation for the purposes of this section. (As amended July 2, 1926, c. 723, § 16, 44 Stat. 799; May 29, 1928, c. 875, § 17, 45 Stat. 971; July 3, 1930, c. 863, § 1, 46 Stat. 1016.)"

The first proviso, supra, was inserted in this section by the amendment of July 2, 1926. Plaintiff contends this proviso is applicable to the present policy and that the language "hereafter revived" should be interpreted as referring to official action of the Veterans' Administration reviving the policy after 1926 or to a decree of Court reviving it.

### Conclusions of Law.

■ I. The amendment of July 2, 1926 to Section 305 of the World War Veterans' Act (38, U.S.C.A. § 516, as amended) is not applicable to this case for reason that the insurance was revived prior to the adoption of the amendment. The amendment of July 2, 1926 applies only to insurance "hereafter revived"; that is to say insurance revived after that date, and consequently could not apply in a situation such as here where the total and permanent disability took place on March 15, 1920 and the veteran died August 16, 1920. Furthermore, the compensation rating upon which plaintiff relies was made in 1925.

■■ II. It is settled in this circuit that once the United States Veterans' Administration determines the facts as to compensation, the law itself makes the application thereof to the insurance under the aforementioned section, leaving the Veterans' Administration no discretion. Sprencel v. United States, 5 Cir., 47 F.2d 501. Applying the law of the case to the facts in the case, I reach the conclusion that the insurance was revived prior to the adoption of the aforementioned amendment of July 2, 1926. From this it follows that the named beneficiaries set forth in the amendment of 1926 acquired no rights. So even if Ernest Jacobs is a child within the meaning of the amendment, this Court would have no jurisdiction to grant recovery for the reason that the veteran made his depend-

ent mother beneficiary during his lifetime, and the policy was revived prior to 1926.

■ III. Having reached the conclusion that the amendment of 1926 is not applicable, 38 U.S.C.A. § 514 governs. Under this section the administrator of the succession of the veteran Alex Jacobs was the proper party to make claim and file suit. Since the administrator of the succession of Alex Jacobs has neither made claim nor filed suit on the policy in question and is not before the Court, it follows that the Court lacks jurisdiction over the subject matter and that the suit filed by Ernest Jacobs in his individual capacity cannot be maintained. The Clerk is directed to enter judgment accordingly dismissing this action with costs.