## FERRARA v. UNITED STATES.

### Civ. No. 5089.

United States District Court
District of Columbia.

Feb. 23, 1950.

C. L. Dawson, Washington, D. C., for plaintiff.

George Morris Fay, D. Vance Swann, Peter C. Charuhas, Washington, D. C., for defendant.

PINE, District Judge.

This cause having come on for trial before the court, without a jury, on the 11th day of January, 1950, a trial by jury having been expressly waived in writing by the parties; and it appearing to the court that the only controversy in this cause is whether the special dividend to be declared by the Administrator of Veterans Affairs for payment to the estate of the deceased insured in this case may be applied, retroactively, to the payment of the premiums in default on his $10,000 policy of National Service Life Insurance so as to maintain it in force and effect up to the date of his death,

And the court having duly considered the pleadings, the stipulation of the parties, the evidence, the briefs filed by the parties, and the argument of counsel, and being advised in the premises, hereby makes the following findings of fact and conclusions of law:

### Findings of Fact.

#### I.

That the deceased insured in this case, Mario J. Ferrara, hereinafter referred to as the insured, enlisted in the military service of the United States on December 1, 1942, and was honorably discharged therefrom on December 29, 1945; that on December 2, 1942, the insured applied for

and was granted $10,000 National Service Life Insurance (identified as Certificate No. N-7,389,904) for which he designated the plaintiff, Francis Butera Ferrara, described as mother, as the principal beneficiary and his father, Pasquale Ferrara, as the contingent beneficiary; that in the said application for insurance the insured requested that the policy be made effective as of January 1, 1943; that the insured authorized the deduction of the sum of $6.50 per month from his service pay to cover the monthly premiums on the said policy; that pursuant to the said authorization there was deducted from the insured's pay monthly premiums at the rate of $6.50 per month covering the period from January 1, 1943 through the month of January 1946, the grace period provided by regulation affording protection up to and including March 4, 1946; that the insured died on March 7, 1946.

### II.

That prior to the institution of this action, by letter dated January 23, 1947, from Messrs. Muccia and Muccia, attorneys at law, New York City, a claim was filed on behalf of the plaintiff for the death benefits under the said policy and that the said claim was denied by the Board of Veterans Appeals in a decision rendered April 29, 1948.

### III.

That the plaintiff was born in Italy on July 22, 1893.

### IV.

That at the time of the trial, on January 11, 1950, evidence was produced by the plaintiff showing that the Veterans Administration had computed the amount of the special dividend to be declared by the Administrator of Veterans Affairs for payment under the said policy of National Service Life Insurance to be the sum of $203.50; that as of the date of the trial the Administrator of Veterans Affairs had not made any official declaration concerning the payment of a special dividend to the estate of the deceased insured, Mario J. Ferrara, but the court takes judicial notice of the fact that after the date of the trial the Veterans Administration began, effective January 16, 1950, issuing checks in payment of the special dividends due to the holders of policies of National Service Life Insurance, or to their estates in those cases in which the veterans had previously died.

### Conclusions of Law.

### I.

That the court has jurisdiction of the subject matter of this litigation and the parties hereto.

### II.

That the special dividends to be paid to the estate of the deceased insured in this case on the $10,000 policy of National Service Life Insurance herein sued upon, pursuant to the computations made by the Veterans Administration, may not be applied, retroactively, to the payment of the premiums in default on the said policy of insurance for the months of February and March 1946, since it is expressly provided by Veterans Administration Regulation 3426.1, promulgated by the Administrator of Veterans Affairs on May 28, 1949, that such dividends shall be paid in cash and shall not be available to pay premiums on policies of National Service Life Insurance.

### III.

That, accordingly, the plaintiff Francis Butera Ferrara, as the designated principal beneficiary of the said policy of insurance, is not entitled to recover anything of and from the defendant, the United States of America, under the said policy of insurance.

Let judgment be entered accordingly.