### JONES v. UNITED STATES.
### No. 14196.

United States Court of Appeals
Eighth Circuit.
June 1, 1951.

602

Van P. Johnson, Melbourne, Ark., and Joe Rosenbloom, Texarkana, Ark., submitted brief for appellant.

Thomas E. Walsh, Attorney, Department of Justice, Washington, D. C. (R. S. Wilson, U. S. Atty., Charles A. Beasley, Jr., Asst. U. S. Atty., Fort Smith, Ark., H. G. Morison, Asst. Atty. Gen., and D. Vance Swann, Atty., Department of Justice, Washington, D. C., on the brief), for appellee.

Before GARDNER, Chief Judge, and THOMAS and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

A policy of National Service Life Insurance in the face amount of $10,000 was issued to Coy H. Jones during his service in the Armed Forces of the United States in World War II. The policy of insurance lapsed for nonpayment of premiums on November 11, 1947, and the veteran died nearly two years later on November 6, 1949. His widow, the appellant here, brought this action to recover the face amount of the policy. She alleges that at the time of his death there was due to the insured or to his legal heirs a special dividend of $270, sufficient in amount to have paid the premiums during the period of lapse and to have kept the insurance in force beyond the date of insured's death; that "in justice, equity, good conscience and in law" the special dividend should have been applied by the Government to pay premiums due upon the policy, and if so applied the policy would have been in full effect at the time of insured's death.

This appeal is from an order dismissing the appellant's complaint for failure to state a claim upon which relief could be granted.

This is an action on a contract. The terms of the contract and the rights and liabilities of the parties under it are fixed by the National Service Life Insurance Act of 1940, 38 U.S.C.A. § 801 et seq. and the authorized administrative regulations promulgated in conformity with the Act. See Lynch v. United States, 292 U.S. 571, 577, 54 S.Ct. 840, 78 L.Ed. 1434; White v. United States, 270 U.S. 175, 180, 46 S.Ct. 274, 70 L.Ed. 530.

By the Act a permanent trust fund is set up in the Treasury of the United States, known as the National Service Life Insurance Fund, to which all premiums on National Service Life Insurance are credited, and this fund is made available "for the payment of liabilities under such insurance, including payment of dividends and refunds of unearned premiums. Payments from this fund shall be made upon and in accordance with awards by the Administrator." § 805(a). The Administrator of Veterans' Affairs is empowered, subject to the general direction of the

President, to administer, execute and enforce the provisions of the Act, and to make "such rules and regulations, not inconsistent with the provisions of this chapter, as are necessary or appropriate to carry out its purposes". § 808. Dividends from gains and savings may be declared from time to time as provided in the policy of insurance or by the regulations of the Administrator. § 802(f).

Pursuant to his statutory authority the Administrator has promulgated the following regulations:

"If any premium be not paid when due, the National Service life insurance policy shall cease and become void, except as otherwise provided in the policy." § 8.16, 38 C.F.R., 1949 Ed., p. 223.

"A National Service life insurance policy shall participate in and receive such dividends from gains and savings as may be determined by the Administrator of Veterans' Affairs. Any such dividends shall be paid in cash except that at the written request of the insured they may be left to accumulate on deposit provided the policy is in force on a basis other than extended term insurance or level premium term insurance. * * * Dividend accumulations and unpaid dividends shall not be available for the payment of insurance premiums except at the written request of the insured made before default in payment of a premium." § 8.26, 38 C.F.R., 1949 Ed., p. 225.

"Any special National Service life insurance dividend that may be declared shall be paid in cash only. Such special dividends shall not be accepted to accumulate on deposit. Unpaid special dividends shall not be available to pay premiums." § 8.26a, 38 C.F.R., 1949 Supp., p. 64.

These regulations of the Administrator, if consistent with the Act, have the force and effect of law and are provisions of the insurance contract binding upon appellant. Her argument that the regulations are void because beyond the authority of the Administrator is supported by no authority. The contrary is held in Weiss v. United States, 2 Cir., 187 F.2d 610, 612. The opinion in this case shows very clearly the validity of the challenged regulations. Only by a most liberal interpretation may appellant's complaint be read to allege more than that the contract sued on should have been other than what it is.

Affirmed.