PARKER et al. v. VETERANS ADMINIS-
TRATION OF UNITED STATES.

No. 13553.

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 1951.

Matt Davis, Gilmer, Tex., L. F. Burke, Longview, Tex., for appellants.

Thomas E. Walsh, Atty., U. S. Dept. of Justice, Washington, D. C., Warren G. Moore, U. S. Atty., Royce Whitten, Asst. U. S. Atty., Tyler, Tex., D. Vance Swann, Atty., U. S. Dept. of Justice, Washington, D. C., for appellee.

Before HOLMES, RUSSELL, and RIVES, Circuit Judges.

RUSSELL, Circuit Judge.

Robert Arlie Parker, while a member of the Armed Forces, applied for, and obtained a certificate of National Service Life Insurance, in the face amount of $5,000, on the five year level premium term plan. The appellant, his mother, was the designated beneficiary. He executed the usual authorization for allotment and deduction each month of $3.30, the prescribed monthly premium of the insurance, from his service pay. He was discharged October 18th, 1945, and thereafter no premiums were personally paid by him on the policy. Thirty payments of $3.30 each were withheld from Parker's service pay, the last payment covering the month of November, 1945. Accordingly, the policy lapsed for non-payment of premiums on the last day of grace, December 31st, 1945. Robert Arlie Parker died as a result of an automobile accident on September 21st, 1946. After the declaration by the Administrator of Veterans' Affairs of the special National Service Life Insurance dividend, appellant instituted the action now under review to recover the proceeds of the insurance. By her third amended complaint, it was contended that the premium paid by her son constituted an "overcharge" in the amount of the dividend accruing to the insured, $82.50, and, since this was in an amount sufficient to keep the certificate in force until and beyond the time of his death, the insurance should be held to be in force and her claim as beneficiary to be therefore enforceable.

The facts are not in dispute. Upon the trial the judge concluded as a matter of law that there was no overcharge, and that the dividend declared was not available to keep in force, or reinstate, the lapsed insurance.[1]

The appellant here insists that this is wrong, and that since there was owed the soldier an overcharge greater than the amount needed to pay the premiums the indebtedness represented service pay due and should be applied to accomplish such payment. It is also contended that in effect the dividend became due monthly during the soldier's service and "became a debt owing to the soldier by the Veterans Administration." The argument of the appellant overlooks the point that the premium paid by the deduction from the service pay was the proper and regular charge for the premium due upon the insurance. When so employed the money no longer possessed any element of service pay, but instead was the payment of insurance premiums by the insured. Consequently, the rights of the beneficiary must be determined as a matter of insurance. It is clear that at the time of the lapse of the insurance there was no indebtedness which could be considered as an offset against, or payment of, the premium then becoming due. Compare United States v. Huie, 5 Cir., 73 F.2d 305. The regulation of the Administrator,[2] in effect when the dividend was declared, and applicable here, provided: "Special Dividends—Any special National Service Life Insurance dividend that may be declared shall be paid in cash only. Such special dividends shall not be accepted to accumulate on deposit. Unpaid special dividends shall not be available to pay premiums." This regulation is not claimed to be inconsistent with the statute. We are pointed to no statutory provision or regulation which permits the use of a dividend declared in 1950 to continue the coverage of insurance which lapsed in 1945. On the contrary, this means

1. " * * * [T]he sum of $82.50 which became due the estate of the insured by reason of the special dividend declared by the Administrator of Veterans' Affairs on January 16, 1950, could not have been applied as premiums so as to keep the certificate of insurance in force and effect on the date of the death of the insured, because the insurance had long since lapsed before the special dividend was declared, and the insured had died prior to the date upon which such special dividend was declared, and further because the regulations lawfully promulgated by the Administrator of Veterans' Affairs specifically provided that any special National Service Life Insurance dividend that may be declared shall be paid in cash only; that such special dividends shall not be accepted to accumulate on deposit, and that unpaid special dividends shall not be available to pay premiums."

2. Title 38, C.F.R., Section 8.26 (a).

of keeping the policy in force appears defi-
nitely foreclosed.

The plaintiff shows no ground for recov-
ery, and the trial Court properly so ad-
judged. Weiss v. United States, 2 Cir., 187
F.2d 610, and Jones v. United States, 8 Cir.,
189 F.2d 601, are opinions which evidence
careful consideration of the question here
involved and, supported by citation and ref-
erence, announce the same conclusion we
here apply.

Judgment affirmed.