### SAWYER v. UNITED STATES.
### Civ. 1390.

United States District Court
M. D. Tennessee, Nashville Division.
Sept. 29, 1952.

Joseph L. Lackey, of Nashville, Tenn., for plaintiff.

James M. Swiggart, Asst. U. S. Atty., Nashville, Tenn., for the United States.

DAVIES, District Judge.

The above entitled cause was heard before the Court on the thirtieth day of April and the first day of May, 1952.

The cause was submitted upon the pleadings, evidence, exhibits and argument of counsel for plaintiff and defendant, and, after due consideration thereof, the Court enters its Findings of Fact and Conclusions of Law, as follows:

Findings of Fact

1. The insured, Robert Donald Sawyer, entered the military service on November 27, 1940, at which time he signed a statement in his service record that he did not desire insurance.

2. The insured was issued a National Service Life Insurance Contract for $10,-000.00 on February 23, 1943. The plaintiff was designated beneficiary. The insured signed an authorization in his service record for an allotment from his service pay for the payment of premiums. This allotment is referred to by the Army as a "Class N" allotment.

3. Premiums were paid by this allotment so as to keep the insurance in force to and including January 22, 1945.

4. On November 30, 1944, the allotment for the payment of these premiums was discontinued by the Army and the premiums due December 23, 1944 and thereafter were not paid.

5. On October 24, 1944, the insured absented himself from the Army without official leave and remained in that status until March 30, 1945.

6. On April 17, 1945, the insured was found guilty by a general court martial of a violation of the 61st Article of War, 10 U.S.C.A. § 1533, and was sentenced to be dishonorably discharged from the service, to forfeit all pay and allowances due or to become due, and to be confined at hard labor for a period of five years. The dishonorable discharge was suspended until the completion of his confinement.

7. On November 17, 1945, the insured was restored to active duty.

8. On his restoration to duty on November 17, 1945, the insured signed a statement in his service record to the effect that he did not desire insurance.

9. The insured again became absent without official leave on January 9, 1946, and remained in such status until his death on February 28, 1946.

10. At the time of his death there was due the insured from the Army the sum of $60.81.

Conclusions of Law

Upon the foregoing findings of fact, the Court hereby makes the following conclusions of law:

1. In accordance with Paragraph 3, Army Regulation 35-1420 which provides, in pertinent part:

"Effect upon accrual of pay and allowances.

a. Neither pay nor allowances accrue to any person in the military service during unauthorized absences in excess of twenty-four hours, unless excused as unavoidable."

And in accordance with Paragraph 22, Army Regulation 35-5520 which provides, in pertinent part:

"When discontinued.—a. WD AGO Form 30—Class E, D, and N allotments will be discontinued in the following cases, in which WD AGO Form 30 (Notification of Discontinuance of Allotment) will be accomplished in duplicate:

\*       \*       \*       \*       \*       \*

"(7) When a person is in a non-pay status for 15 days \* \* \*."

the Army legally discontinued the insured's Class N allotment for payment of premiums on the said insurance contract effective November 30, 1944.

2. In accordance with Veterans Administration Regulation 3418, which provides in pertinent part:

"Lapse While Insured is in Active Military, Naval, or Coast Guard Service.—National Service Life Insurance will lapse and terminate while the insured is in the active military, naval, or coast guard service of the United States:

\* \* \* \* \* \*

"(B) If the service department shall discontinue the allotment and premium is not otherwise paid prior to the expiration of the grace period."

the said contract of insurance issued to the insured legally lapsed and terminated on January 23, 1945.

3. The Insurance Act of 1946, section 602(m) (2) codified as Title 38 U.S.C.A. § 802(m) (2), does not affect this case in such a way that the contract may be deemed not to have lapsed for two reasons, either sufficient:

a. The insured did not remain in the active service until his death, inasmuch as the insured became absent without official leave on January 9, 1946 and was not restored to active duty prior to his death on February 28, 1946.

b. On November 17, 1945, at the time the insured was restored to active duty following his absence without leave of October 24, 1944, and his court martial sentence of April 17, 1945, the insured's voluntary statement that he did not desire insurance prevented the military authorities from treating his prior allotment as still effective and prevented any rights from accruing under this statute.

4. The insured, Robert Donald Sawyer, failed to perform all of the conditions required of him by his insurance contract and the said contract was not in force at the time of his death.

5. The plaintiff is not entitled to recover as beneficiary of this said contract of insurance.

Judgment accordingly.