## UNITED STATES v. MORRELL.
### No. 6559.

United States Court of Appeals
Fourth Circuit.

Argued April 10, 1953.

Decided May 16, 1953.

John G. Laughlin, Attorney, Department of Justice, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., Bernard J. Flynn, U. S. Atty., Baltimore, Md., and Samuel D. Slade, Attorney, Department of Justice, Washington, D. C., on brief), for appellant.

Herbert E. Witz, Baltimore, Md., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

This suit presents the claim of Elizabeth C. Morrell, as beneficiary, to the proceeds of a policy of National Service Life Insurance in the amount of $10,000 issued to her husband, Major Raymond C. Morrell, during his service as a member of the armed forces. The claim was first presented to the Veterans' Administration but was denied on the ground that the policy had lapsed prior to the death of the insured for non-payment of premiums. Suit was then brought in the District Court, and it was shown that after the death of the insured

the Veteran's Administration had determined that under the provisions of the National Service Life Insurance Act, 38 U.S. C.A. §§ 801–807, the insured was entitled to a refund of premiums paid by him during a period when he was totally disabled and that the amount of these premiums was greater than the amount of the premiums due under the policy at the time of the insured's death. Taking these circumstances into consideration, the District Judge held that the amount of the refundable premiums should have been applied to the payment of the premiums due, so as to prevent a forfeiture of the insurance, and judgment was rendered for the plaintiff in the sum of $10,000.

The policy was issued by the Veterans' Administration on September 1, 1944 and was maintained in force by the payment of premiums until April 30, 1946, after which no premiums were paid either by allotment or remittance, so that the policy became of no effect before the insured died on May 16, 1947, unless it was revived by the circumstances now to be related.

On October 1, 1946 the insured, having been previously hospitalized on a number of occasions during the preceding year, reverted to an inactive military status; but on January 17, 1947 he was restored to active duty and so remained until his death on May 16, 1947.

On July 21, 1947, and again in December, 1947, subsequent to his death, his widow filed an application to the Veterans' Administration for the payment of the proceeds of the policy. The matter finally came to a hearing before the Appeal Board of the Veterans' Administration which denied the claim on November 29, 1951 on the ground that the policy had lapsed for non-payment of premiums during the period between January 17, 1947, when the insured was restored to active duty, and the day of his death; but in the consideration of the claim it was determined by the administration that for insurance purposes the policy holder was totally disabled from October 2, 1945 until January 16, 1947, and was entitled to a waiver of premiums during this period, under the provisions of § 602(n) of the statute, 38 U.S.C.A. § 802 (n).[1] The insured, however, had paid the premiums for seven months while he was

---

[1] "Upon application by the insured and under such regulations as the Administrator may promulgate, payment of premiums on such insurance may be waived during the continuous total disability of the insured, which continues or has continued for six or more consecutive months, if such disability commenced (1) subsequent to the date of his application for insurance, (2) while the insurance was in force under premium-paying conditions, and (3) prior to the insured's sixtieth birthday: *Provided*, That upon application made within one year after August 1, 1946 the Administrator shall grant waiver of any premium becoming due not more than five years prior to August 1, 1946 which may be waived under the foregoing provisions of this subsection: *Provided further*, That the Administrator, upon any application made subsequent to one year after August 1, 1946, shall not grant waiver of any premium becoming due more than one year prior to the receipt in the Veterans' Administration of application for the same, except as hereinafter provided. Any premiums paid for months during which waiver is effective shall be refunded. The Administrator shall provide by regulations for examination or reexamination of an insured claiming benefits under this subsection, and may deny benefits for failure to cooperate. In the event that it is found that an insured is no longer totally disabled, the waiver of premiums shall cease as of the date of such finding and the policy of insurance may be continued by payment of premiums as provided in said policy: *Provided further*, That in any case in which the Administrator finds that the insured's failure to make timely application for waiver of premiums or his failure to submit satisfactory evidence of the existence or continuance of total disability was due to circumstances beyond his control, the Administrator may grant waiver or continuance of waiver of premiums: *And provided further*, That in the event of death of the insured without filing application for waiver, the beneficiary, within one year after the death of the insured or August 1, 1946, whichever be the later, or, if the beneficiary be insane or a minor, within one year after removal of such legal disability, may file application for waiver with evidence of the insured's right to waiver under this section. Premium rates shall be calculated with-

totally disabled and no premiums were due, and hence there was in the hands of the government more than enough money due the insured to pay the premiums for the subsequent period from January 17 to May 16, 1947. The Veterans' Administration nevertheless held and the government now contends that prior to this determination the policy had lapsed, and that the government was precluded by the statute from applying the credit to the payment of the premiums due at the time of his death, and therefore the government is not liable for the face of the policy, but only for the amount of the premiums waived in accordance with the statute.

The government points out that the waiver provisions of the statute are not self executing but become effective only after a finding of total disability by the Veterans' Administration upon a timely application by the insured; or if he should die without submitting an application, then upon the application within a specified time of the beneficiary accompanied by evidence of the insured's right to waiver under the statute. Scott v. United States, 5 Cir., 189 F.2d 863. It is conceded that the insured made no such application in his lifetime, but that the provisions of the statute with reference to application by the beneficiary have been met.

The government contends, however, that the policy had already lapsed prior to the death of the insured through his failure to pay the premiums after he was restored to health, because the statute provides that if "it is found that an insured is no longer * * * disabled, the waiver of premiums shall cease as of the date of such finding and the policy of insurance may be continued by payment of premiums"; and the government adds that it is precluded from applying the premiums paid during disability to the payment of premiums falling due after January 17, 1947 but is obliged

to refund the money by reason of the provision of the statute that "Any premiums paid for months during which waiver is effective shall be refunded."

In support of this argument it is said that since the government would have no right to apply the premium credit to the payment of premiums during the life of the policy holder without his consent, it cannot do so after his death; and furthermore that to require the application of the credit to defray unpaid premiums would work a hardship upon the policy holder whenever the credit is insufficient to sustain the policy during the period of lapse.

■ We do not find these arguments convincing. The obvious purpose of this statute is to relieve the policy holder of the payment of premiums while totally disabled, but to leave the initiative in the matter to the policy holder or in case of his death without taking action, to the beneficiary, within certain limitations of time. Inevitably this procedure involves the passage of an interval of time during which the payment of premiums by allotment or otherwise may continue, and hence the statute provides that such premiums shall be refunded; but this provision merely serves to establish the policy holder's title to the fund and is not intended in our opinion to forbid the policy holder to make use of it to maintain the policy in effect or to relieve the government from the duty to use the fund for his benefit in accordance with the rules of law applicable to insurance contracts. Accordingly, as the government concedes, if no premiums are paid during the period of disability, so that the policy lapses, the waiver provisions of the statute, if called into action, will revive the contract and give it vitality.[2]

■ We see no reason why protection should not also be given to a policy holder who pays premiums during disability which

out charge for the cost of the waiver of premiums herein provided and no deduction from benefits otherwise payable shall be made on account thereof."

2. In the government's brief on this appeal it is said: " * * * By the express terms of the Act it is plain that while

the waiver provisions effective during the continuation of the disability gave vitality to the otherwise lapsed policy, upon the termination of disability the policy reverted to a premium paying basis and could be continued only 'by the payment of premiums as provided in said policy.' "

are not due, but neglects to pay premiums which become due after his recovery. It then becomes the duty of the insurer under the general rule of insurance law to devote the funds of the policy holder to the payment of his debt, if they are sufficient for the purpose, and thus avoid a forfeiture. It goes without saying that the policy holder or his representative may have the money rather than the policy if he so desires; but that is not the case here, for the beneficiary has laid claim to the proceeds of the policy and the Veterans' Administration has determined the existence of the disability and the amount of the premium credit to which the insured was entitled.

■ It is a general rule of the law of insurance that an insurer is not justified in declaring a forfeiture of an insurance policy for the non-payment of premiums when at the time the premiums accrue, the insurer is indebted to the insured, either for dividends declared or other funds belonging to the insured which it may have in its hands. Long v. Monarch Accident Ins. Co., 4 Cir., 30 F.2d 929; American Nat. Ins. Co. v. Yee Lim Shee, 9 Cir., 104 F.2d 688, 694. The rule is subject to the limitation that if the policy expressly provides for the disposition of a credit in a particular manner, the insurer is under no obligation, unless the policy holder so directs, to apply the credit in some other way, even though it would be more advantageous for the insured or the beneficiary. See Williams v. Union Central Life Ins. Co., 291 U.S. 170, 54 S.Ct. 348, 78 L.Ed. 711. This limitation merely gives effect to the rule that the intent of the parties governs in the performance of a contract; and it has been so applied in the disposition of dividends payable under National Service Life Insurance policies where the terms of the statute and regulations expressly provided that dividends should be paid in cash only and should not be available to pay premiums. Parker v. Veterans Adm. of the U. S., 5 Cir., 193 F.2d 149. These decisions are not controlling here for as we have seen, the words of the statute are not inconsistent with the use of the premium credit to defray the policy holder's debt, and there is no room for the contention that the consent of the policy holder is lacking since the beneficiary here stands in his place under the statute as the moving party in this case.

■ We do not think that the broad contention, that the general rules of law of insurance have no application to the liability of the government under its National Service Life Insurance policies, can be sustained. In the application of these rules the broad sweep of government activities and the relationship between the government and its countless employees are of course taken into account; and so it has been held that liability of the United States under these policies is not created by estoppel or waiver, based upon the acts or omissions of its agents, especially as they have no power to alter the insurance contract or modify the provisions of the statute. See James v. United States, 4 Cir., 185 F.2d 115; Crawford v. United States, 2 Cir., 40 F.2d 199. But it cannot be said that when the government enters the insurance business it is free because of its sovereign character from all restraint, and that no heed need be given to the principles of law that have been worked out by the courts in the field of insurance law. We had occasion to consider this subject in Mikell v. United States, 4 Cir., 64 F.2d 301, where it was held that salary due a government employee for activities in no way connected with a government insurance policy which he held could not be applied to the payment of premiums. In discussing the applicable law Chief Judge Parker said, 64 F.2d 302:

"The rule that a private insurance company which has moneys payable to an insured should apply same towards the payment of a premium, to avoid a forfeiture of a policy (see Long v. Monarch Accident Ins. Co., 4 Cir., 30 F.2d 929), has no application to the government, except possibly with respect to moneys due under policies of insurance. The rule as it relates to private companies is based upon the duty of such companies to use funds belonging to the insured to prevent a forfeiture of his rights under the

insurance contract. See Pfeiffer v. Missouri State Life Ins. Co., 174 Ark. 783, 297 S.W. 847, 54 A.L.R. 600. Moneys due by the government, however, can be paid out or applied only in accordance with the provisions of law; and there is no duty or power on the part of public officials to apply them otherwise. When the government goes into the business of insurance, it is permissible to apply to it the rules applicable to insurance companies so far as transactions relating to insurance are concerned, but no farther; and an insured who defaults in the payment of premiums on a government policy is not entitled to have his insurance continued in force merely because in some of [his] various activities, not connected with insurance, the government is indebted to him. Such indebtedness might arise in many ways, as for salaries due civil employees, for tax refunds, for claims, etc. * * *."

It does not appear that the interests of the government would be jeopardized in a case of this kind by the application of the wholesome rule against the enforcement of unnecessary forfeitures of contracts of insurance. To the disfavor in which forfeitures are generally held there is added in the case of the government the benevolent purpose of the National Service Life Insurance system to furnish to service men at low cost insurance otherwise unobtainable; and it cannot be supposed that it was the intent of Congress that the system should be technically administered. The decisions are to the contrary. See White v. United States, 270 U.S. 175, 180, 46 S.Ct. 274, 70 L.Ed. 530, where the court spoke of the relation of benevolence manifested in the government's patent concern for the soldier's good, and United States v. Zazove, 334 U.S. 602, 610, 68 S.Ct. 1284, 1288, 92 L.Ed. 1601, where the distinction between government and commercial insurance contracts was pointed out and it was also said that "The statutory provisions, where ambiguous, are to be construed liberally to effectuate the beneficial purposes that Congress had in mind."

The interpretation of the statute now offered by the government has not been consistently followed in the decisions of the Veterans' Administration. In case No. 745 of May 20, 1945 and in case No. 794 of October 4, 1948 the Administrator held that premiums refundable under an application for waiver in which the insured agreed to continue payment of premiums, could not be applied to the payment of premiums which he subsequently failed to pay when due. On August 23, 1950 in the case of Frank Burns, the solicitor of the Veterans' Administration (Op. Sol. No. 416–50) ruled that the application of a premium credit by the Administration to pay premiums due after the expiration of a period of total disability so as to keep the insurance alive, was not legally improper where the action was taken with the implied assent of the insured.

Furthermore, in Administrator's Decision No. 902 of April 15, 1952 the Administrator decided that the insured's premium credit under one policy should be used to prevent the lapse of his insurance under another contract. The decision was distinguished from cases Nos. 745 and 794 on the ground that there was no direction, expressed or implied, for the disposition of the premium credit for any purpose other than insurance, and that on the contrary the express terms of the premium deductions was to pay insurance premiums when due. The Administrator cited the opinion of this court in Mikell v. United States, supra, and said: "It will be observed that the rule has no application if the debt of the government arose out of transactions not connected with insurance; but when the government becomes indebted to the insured in relation to insurance matters the application of the rule is justified because when the government goes into the insurance business, it is permissible to apply the same rules applicable to insurance companies insofar as insurance functions are concerned."

The judgment of the District Court is Affirmed.