**KUBALA et al.**

v.

**UNITED STATES.**

No. 14655.

United States Court of Appeals,
Fifth Circuit.

March 5, 1954.

———◆———

Freeman L. Mittenthal, Elihu E. Berwald, Dallas, Tex., for appellants.

Brian S. Odem, U. S. Atty., John C. Snodgrass, Asst. U. S. Atty., Houston, Tex., John G. Laughlin, Atty., Dept. of Justice, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., Samuel D.

**944**

Slade, Atty., Dept. of Justice, for appellee.

Before HOLMES, RUSSELL and RIVES, Circuit Judges.

RUSSELL, Circuit Judge.

While serving in the United States Navy, Charles Frank Chapman was, pursuant to application, and on May 4, 1943, issued National Service Life Insurance in the amount of $10,000. The policy named the present appellant, then his wife, as the beneficiary. Premiums on the policy were paid by monthly deductions from the service pay of the insured until his discharge from the service on February 21, 1945, and thereafter by deductions from disability compensation allowed him by the Veterans Administration from February 22, 1945, through April 3, 1950, the last premium being so paid on March 4, 1950. On September 1, 1950, the insured died from gunshot wounds inflicted by another. While hospitalized, and on July 1, 1945, due application for premium waiver was made and filed. This was not acted upon until February 8, 1951, when the Veterans Administration Disability Claims Division rendered its decision granting premium waiver on the policy from November 4, 1944 to November 3, 1945. During this period premiums in the amount of $66.60 had been paid. It was sought to refund this amount to the beneficiary, now appellant, but she refused to accept it.[1]

The appellant, who had divorced the veteran and subsequently remarried, instituted suit to recover the face amount of the policy, claiming upon two grounds: (1) that the insured was continuously totally disabled and entitled to a waiver of premiums through September 1, 1950, the date of his death, and (2) that by reason of the payment of premiums above set forth, at the time of his death he had paid total premiums in excess of the amount required to be paid under the policy to keep it in force and effect until the time of his death. By answer, the United States denied the claim of total disability and asserted that the policy had lapsed on April 4, 1950, for non-payment of premiums. It is contended by the United States that the refund credit of $66.60 which was determined to be due subsequent to the death of the insured cannot be applied to retroactively validate the policy which otherwise had lapsed for non-payment of premiums.

The trial judge, finding as a fact that Chapman was not totally disabled during the period in question and as a matter of law that the refund could not be applied so as to keep the policy in force, awarded judgment in favor of the defendant.

The evidence sustains the court's finding against the claim of total disability of the veteran from which would result a waiver of premiums and the resulting determination that the policy was in force from April 3, 1950 to September 1, 1950, even without the payment of premiums. However, upon the legal question urged by the plaintiff as basis for recovery, we find ourselves in disagreement with the trial court for we think the plaintiff was entitled to recovery upon her alternative claim that she was entitled to require the Veterans Administration to apply the refund, consisting of premiums which had been paid during a period of adjudged disability, so as to continue the policy in force from the time of the last actual

---

1. It is stipulated that: "The premiums totalling $66.60 had been accumulated by the deductions from the service pay and the disability compensation aforesaid and at all times was held by the Veterans Administration until it sought to refund the same to the deceased veteran at the time aforesaid." And

"If the accumulated premiums of $66.60 had been applied to the payment of premiums on this policy, said policy would have been kept in full force and effect through September 1, 1950, the date of the death of Charles Frank Chapman, and said policy would have been in effect at the time of his death; however, the Veterans Administration has refused to so apply the accumulated premiums."

payment of premiums to the date of the death of the veteran and thus avoid the apparent lapse of the policy.

It must be conceded that no premiums were due for the period of disability found, though belatedly, to exist from November 4, 1944 to November 3, 1945. Thus, in substance, there was at all subsequent times in the hands of the Veterans Administration the amount of such premiums, admittedly $66.60. The amount was certain, and admittedly due to the insured if he was totally disabled. That such disability in fact existed was thereafter established, and no reason occurs to us why we should not give effect to the substance of the matter, when considered in its entirety, rather than to the form in which it emerges because of the posthumous determination of pre-existing disability and subsequent waiver of premiums. Consequently, there was available a sufficient amount of money to keep the policy in life until, and even beyond, the death of the insured, if it should be so applied. We conclude that this should be done.

■ The United States urges that the view just expressed runs counter to the pertinent provision of the statute[2] that, "Any premiums paid for months during which waiver is effective shall be refunded." It is insisted that this language has the same conclusive effect in barring the plaintiff's claim as we applied in Parker v. Veterans Administration, 5 Cir., 193 F.2d 149, 150, to another provision of the statute, and particularly of the regulations of the Administrator, issued pursuant thereto, that " 'unpaid special dividends shall not be available to pay premiums.' " The purport and effect of the language of the two provisions clearly show the different result which should properly follow from their application. The provision for refund now under consideration is a declaration of title and to make clear that premiums paid for insurance during a period for which they are afterwards waived are not to be retained by the Veterans Administration. They make sure that the waiver shall be given retroactive effect. On the contrary, the regulation with reference to dividends, dealt with in the Parker case, directly related to the matter of premiums payment and constitutes a prohibition against the employment of dividends for this purpose.

■ We have recognized and enforced the proposition that because of the nature and terms of the insurance granted the contract of insurance in effect consists of the policy as controlled by the language of the statute authorizing it and valid regulations issued pursuant to the statute. Thus, in many aspects of the matter there comes into play the sovereign capacity which underlies many official acts of omission, as well as commission, in the carrying out of this insurance program. This is particularly applicable in matters such as estoppel and waiver which are generally held not to be effective as against the United States, and as to these, the United States is not bound by the same principles which bind commercial insurers. Among our recent cases so holding are: United States v. Lewis, 5 Cir., 202 F.2d 102; United States v. Holley, 5 Cir., 199 F.2d 575; McDaniel v. United States, 5 Cir., 196 F.2d 291. But this is not to say that equitable considerations have no place in the administration of the National Service Life Insurance program when their operation does not run counter to the statute or regulations. We find no such bar in the present case.

The question here involved has been recently determined by the Court of Appeals for the Fourth Circuit in United States v. Morrell, 204 F.2d 490, certiorari denied 246 U.S. 875, 74 S.Ct. 128, a well reasoned opinion in which the court concluded that in a case like the present the beneficiary had the right to require that the premiums paid during a period of disability, which were subsequently waived and thereby became refundable, should be applied in discharge of the un-

2. Section 602(n), 38 U.S.C.A. § 802(n).

paid premiums so as to prevent a lapse and forfeiture of the policy. Reference to that decision renders further discussion unnecessary.

The judgment of the trial court is reversed and remanded for further proceedings consistent herewith.

Judgment reversed.