**SAWYER v. UNITED STATES.**

No. 11807.

United States Court of Appeals
Sixth Circuit.

March 19, 1954.

Joseph L. Lackey, Nashville, Tenn., Victor M. Falster, Nashville, Tenn., on brief, for appellant.

Thomas E. Walsh, Dept. of Justice, Washington, D. C., Warren E. Burger, D. Vance Swann, Dept. of Justice, Washington, D. C., Armistead O. Denning, James M. Swiggart, Nashville, Tenn., on brief, for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

MILLER, Circuit Judge.

Appellant, Beulah Ann Sawyer, the mother of Robert D. Sawyer, brought this action to recover the proceeds of a National Service Life Insurance contract issued on the life of the son in the amount of $10,000, in which the appellant was designated beneficiary. The District Judge, hearing the case without a jury, dismissed the complaint.

The District Judge made the following findings of fact which are fully supported by the evidence. Robert D. Sawyer, while in the military service of the United States, was issued the insurance contract in question on February 23, 1943, at which time he signed an authorization in his service record for an allotment from his service pay for the payment of premiums. This was known as a "Class N" allotment.

On October 24, 1944, the insured absented himself from the Army without official leave and remained in that status until March 30, 1945. In the meantime, on November 30, 1944, the allotment, which had provided for the payment of premiums up to that time, was discontinued by the Army. The premiums due December 23, 1944, and thereafter, were not paid.

On April 17, 1945, the insured was found guilty by a general court martial of a violation of the 61st Article of War [1] and was sentenced to be dishonorably discharged from the service, to forfeit all pay and allowances to be paid or to come due, and to be confined at hard labor for a period of five years. However, on December 17, 1945, the insured was restored to active duty. Upon being so restored to active duty, he signed a statement in his service record reading—"No Insurance Desired."

The insured again became absent without official leave on January 9, 1946 and remained in such status until his death on February 28, 1946. At the time of his death there was due to him from the Army the sum of $60.81.

Paragraph 3, Army Regulation 35–1420 provides—"Neither pay nor allowances accrue to any person in the military service during unauthorized absences in excess of twenty-four hours, unless excused as unavoidable." Paragraph 22, Army Regulation 35–5520 provides that N allotments will be discontinued—"When a person is in a nonpay status for 15 days. * * *" Veterans Administration Regulation 3418 provides that National Service Life Insurance will lapse and terminate—"If the service department shall discontinue the allotment and premium is not otherwise paid prior to the expiration of the grace period." It is well settled that failure to pay the premium by allotment or in some other way results in termination of the insurance. Weiss v. United States, 2 Cir., 187 F.2d 610; Jones v. United States, 8 Cir., 189 F.2d 601; Cleveland v. United States, 6 Cir., 201 F.2d 398.

Under the foregoing Regulations it seems clear that the insured's pay and allowances ceased 24 hours after he became absent without official leave on October 24, 1944, and that the Army properly and legally discontinued the N al-

lotment on November 30, 1944, at which time the insured had been on a non-pay status for more than 15 days. The premium due on November 23, 1944 was paid by the allotment before its termination, which continued the policy in effect until December 23, 1944 when another premium was due. The allotment, being no longer in effect at that time, this premium was not paid, but the policy continued in effect through the grace period to and including January 22, 1945, at which time the insurance terminated.

Appellant contends that on October 24, 1944 when the insured first was absent without official leave he was entitled to service pay in the amount of $45.36 which was available for the payment of premiums until it was forfeited by the action of the general court martial on April 17, 1945. This sum would have paid the premium due on March 23, 1945, and the policy would accordingly have remained in effect, including the 30-day grace period after April 23, 1945, until May 23, 1945. There is no finding by the District Judge with reference to any accrued and unpaid service pay as of October 24, 1944. We are not referred to the evidence in support of this contention, and our own review of the testimony and exhibits does not disclose it. In any event, it is immaterial whether the policy terminated on January 23, 1945 or May 23, 1945, since, in either event, it terminated before the death of the insured on February 28, 1946.

Appellant relies upon § 602(m) (2) of the Insurance Act of 1946, carried as § 802(m) (2), Title 38 U.S.C.A. This provides, with reference to the time and method of the payment of premiums,— "In any case in which the insured provided for the payment of premiums on his insurance by authorizing in writing the deduction of premiums from his service pay, such insurance shall be deemed not to have lapsed or not to have been forfeited because of desertion under section 812 of this title, so long as he remained in active service prior to August 1, 1946, notwithstanding the fact that deduction of premiums was discon-

tinued because—(A) * * *; or (B) the insured was absent without leave, if restored to active duty; or (C) the insured was sentenced by court martial, if he was restored to active duty, required to engage in combat, or killed in combat." Any unpaid premiums would be deducted from the unpaid proceeds of the insurance.

The District Judge ruled, 107 F.Supp. 160, that the statute was not applicable because the insured did not remain in active service, which was one of the conditions specified in the statute, pointing out that he again became absent without leave on January 9, 1946 and was not restored to active duty thereafter prior to his death on February 28, 1946. The ruling is in accord with the legislative history of the Act. Senate Report No. 1705, 79th Congress, 2nd Session, on H. R. 6371, U.S.Code Cong.Service 1946, p. 1394, states that the purpose of the legislation was to protect a service man whose allotment had been terminated by unauthorized absence or court martial without realization on his part of such fact when restored to active duty. His insurance was nevertheless to continue in effect while he continued in active duty subject to the hazards of death resulting from service in the Army.

■ Appellant contends that the insured was mentally incompetent on January 9, 1946 and thereafter until his death and should not be held accountable for such absence. She relies upon numerous acts of irrational conduct on the part of the insured while he was at the home of his parents before returning to duty, and also during this last period of absence. There is no finding by the District Judge that the insured was mentally incompetent. Counsel for appellant has failed to include in the printed appendix to his brief the opinion of the District Judge, as required by Rule 21(2) (e) of the Rules of Court. Nor did counsel for appellee supply the omission. A reading of the opinion, found in the original papers, discloses that the District Judge considered this issue and ruled adversely to appellant's contention. This factual

ruling is not clearly erroneous, and appellant's contention is accordingly rejected on this review.

The District Judge also ruled that the statement of the insured upon his restoration to duty on November 17, 1945, included in his service record, to the effect that he did not desire insurance, prevented the military authorities from treating his prior allotment, which had been cancelled, as revived and effective. This was an additional reason why the statute was not applicable. We think this ruling necessarily follows from such a finding of fact.

The judgment is affirmed.