Anna Mae **RODGERS**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

Civ. A. No. 2830.

United States District Court
W. D. Kentucky, at Louisville.
Feb. 11, 1955.

Edwin O. Davis, Louisville, Ky., for plaintiff.

J. Leonard Walker, U. S. Atty., Rhodes Bratcher, Asst. U. S. Atty., Louisville, Ky., for defendant.

BROOKS, District Judge.

This action was brought by Anna Mae Rodgers, the mother and designated beneficiary of Clarence E. Rodgers, to recover ten thousand dollars of National Service Life Insurance issued on the life of her son. It is before the Court on motion for summary judgment.

The complaint and accompanying exhibits disclose that the insurance policies were issued and premiums paid to December 31, 1946, by deductions from service pay. On November 7, 1946, the insured disappeared while on military leave and since that time his absence has been continuous and unexplained. After failure of the insured to return to his post of duty at the termination of his military leave, he was dropped as a deserter on December 7, 1946, and is currently being carried as a deserter on Government records.

More than seven years after November 7, 1946, plaintiff asserted a claim against the Veterans Administration for payment of the policies. This application was denied. Under these facts the plaintiff now seeks to maintain this action for recovery of the proceeds of the policies.

Because of the unexplained absence of the insured, his pay and allotments were discontinued. Army Regulations 35-1420; Army Regulations, Paragraph 23, 35-5520; Army Regulations, Paragraph 6, 615-300. No further premiums were paid on the policies and they lapsed on December 31, 1946.

■ It is well settled that failure to pay premiums results in the lapse of the insurance. Sawyer v. United States, 6 Cir., 211 F.2d 476, and for recovery on a policy for the death of an insured the death must occur while the insurance is in force. United States v. Towery 306 U.S. 324, 59 S.Ct. 522, 83 L.Ed. 678, rehearing denied 306 U.S. 668, 59 S.Ct. 640, 83 L.Ed. 1063.

■ The plaintiff contends that under a liberal interpretation of the presumption of death statute, it may be presumed that the death occurred at the inception of the seven year period while the insurance was still in effect rather than at the end of the period. To accept such a theory would be clearly erroneous and contrary to the provisions of Title 38 U.S.C.A. § 810, which reads:

"No State law providing for presumption of death shall be applicable to claims for National Service Life Insurance. If evidence satisfactory to the Administrator is produced establishing the fact of the continued and unexplained absence of any individual from his home and family for a period of seven years, during which period no evidence of his existence has been received, the death of such individual as of the date of the expiration of such period may, for the purposes of this subchapter, be considered as sufficiently proved."

■ The burden rests with the plaintiff to establish the death of the insured during the period the insurance was in force. McCune v. United States, 6 Cir., 56 F.2d 572; United States v. Hayman, 5 Cir., 62 F.2d 118. The fact that she is unable to meet this burden is shown by her complaint.

■ Reliance is also placed on 38 U. S.C.A. § 802(m) (2) providing generally that if deductions of insurance premiums were discontinued because the insured was absent without leave that upon return of the insured to active duty the insurance would be restored. It being argued that the serviceman now presumed to be dead did not desert but was prevented by death from returning to active duty. Here again the burden of proof rests with the plaintiff and by her own admission cannot be met.

The defendant contends that this Court is without jurisdiction to even entertain this action because more than six years elapsed after the right accrued for which the claim is made. 38 U.S.C.A. §§ 817, 445. The Court is of the opinion that this defense is substantial, but in view of the above it is not necessary that it be considered here.

The motion of the defendant for summary judgment is sustained. The proper order will be entered.