**Dovie BURK, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. B–253.**

United States District Court
E. D. Arkansas, N. D.
June 1, 1955.

S. Marcus Bone, Batesville, Ark., for plaintiff.

Osro Cobb, U. S. Atty., and Julius C. Acchione, Asst. U. S. Atty., Little Rock, Ark., for defendant.

LEMLEY, District Judge.

This cause, which is an action brought by the plaintiff, Mrs. Dovie Burk, to recover upon a policy of national service life insurance issued to her son, Hugh A. Burk, deceased, has been submitted to the Court upon an agreed statement of facts and written briefs.

Hugh A. Burk entered the armed services of the United States on June 3, 1948, at which time he applied for and was issued a five-year level term life insurance policy in the face amount of $10,000, in which policy his mother was named as principal beneficiary; the policy became effective on June 8, 1948 and its original term expired on June 8, 1953. Premiums on the policy amounted to $6.40 per month, payable in advance, and as long as the insured was in military service payments were made by deductions from his regular military pay. The insured separated from the service on May 1, 1952, and at that time the premiums on his policy had been paid up to June 7 of that year. No further payments were made by the insured after his discharge.

On June 7, 1952 a dividend in the amount of $60.00 became payable on this policy, and since the insured had not requested that this dividend be paid to him in cash, it was applied on future premiums falling due under the policy so as to keep it alive until March 8, 1953. The insured was killed in an automobile accident on June 7, 1953. On the same day a dividend on this policy in the amount of $45.00 became payable, the amount thereof being sufficient to have paid the premiums on the policy from March 8, 1953 up to and including the date of the death.[1] After the death of Hugh A. Burk the plaintiff filed a claim for the face amount of the policy with the Veterans' Administration. The Administration having finally denied said claim, this action was brought.

It is the theory of the plaintiff that on March 8, 1953 there had accumulated to the credit of her son's policy a dividend amounting to $45.00, and that this being true the Government had no right to declare a lapse of the policy on that

1. Veterans' Administration Regulation No. 3426, as amended on March 19, 1952, (38 C.F.R., 1949 Ed., 1953 Cum.Supp., Section 8.26) provides that dividends becoming payable after January 1, 1952 shall be payable on the date preceding the anniversary of the policy unless some other date is prescribed by the Administrator. It has been stipulated that no other date was prescribed.

date, and that when the dividend became payable, it should have been applied retroactively to the payment of premiums so as to maintain the policy in force. The defendant contends, on the other hand, that under the law dividends on national service life insurance policies cannot be applied retroactively to unpaid premiums, that the policy lapsed for nonpayment of premiums on March 8, 1953, and that it is not liable to plaintiff, except to the extent of the aforesaid dividend.

Section 802(f) of Title 38 U.S. C.A. states: "Provisions for * * * dividends from gains and savings * * * may be provided for in the policy of insurance from time to time by regulations promulgated by the Administrator:[2] Provided further, that until and unless the Veterans' Administration has received from the insured a request in writing for payment in cash, any dividend accumulations and unpaid dividends shall be applied in payment of premiums becoming due on insurance subsequent to the date the dividend is payable after January 1, 1952." The proviso last quoted was incorporated into the statute by the Act of May 18, 1951, c. 94, 65 Stat. 44.

By its passage of the Act just mentioned Congress, in our opinion, definitely prescribed the extent to which dividend accumulations and unpaid dividends might be applied to premium payments. Said statute provides that a dividend *payable* after January 1, 1952 shall be applied prospectively to premiums falling due *subsequent* to the date that such dividend is *payable*, unless the insured makes a written request for a cash payment. And we think that this provision for such prospective applications of dividends to premiums subsequently falling due by necessary implication excludes a retroactive application thereof to premiums with respect to which the insured is in default at the time that the dividend becomes payable.

Applying the statute to the facts in the instant case, we find that when the 1952 dividend became payable on June 7 of that year, it was, in accordance with the statutory provision, applied prospectively to premiums falling due after that date so as to keep the policy alive until March 8, 1953. As to the 1953 dividend here in question, assuming without deciding that it had "accrued" or "accumulated" to the extent of $45.00 on March 8, 1953, it did not become "payable" under the pertinent regulation heretofore mentioned until June 7, 1953, and under the plain wording of the statute, as we construe it, it could only be applied to premiums falling due after such date; it could not be applied in satisfaction of premiums for the period between March 8 and June 7. Had the insured resumed his premium payments in March and continued them until June, the dividend which became payable on June 7 could have been applied to payments falling due after that date, but he did not do so.[3]

It is argued by the plaintiff, however, that since 1953 was the last year of this policy's original term, the officials of the Veterans' Administration knew on March 8 of that year that there would be no premiums falling due after June 7, and that they should have applied so much of

2. It is well settled that regulations of the Veterans' Administration regulating the payment of dividends and how they shall be applied are, when consistent with the National Service Life Insurance Act, binding upon policy holders and have the force of law. Weiss v. U. S., 2 Cir., 187 F.2d 610, certiorari denied 342 U.S. 820, 72 S.Ct. 38, 96 L.Ed. 620; Jones v. U. S., 8 Cir., 189 F.2d 601; Walker v. U. S., 5 Cir., 197 F.2d 226; Ferrara v. U. S., D.C.D.C., 100 F.Supp. 951.

3. By the Act of August 2, 1951, c. 289, 65 Stat. 153, Congress provided that upon the expiration of any term period, any national service life insurance policy issued on the five-year-level-premium-term plan which had not been exchanged or converted to a permanent plan of insurance and which had not lapsed should "be renewed as level-premium-term insurance without application for a successive five-year period at the premium rate for the attained age without medical examination * * * "

the $45.00 which, as plaintiff contends, they at that time had in their hands as an accrued or accumulated dividend on this policy, as would have been necessary to keep it alive until its expiration date. By this argument the plaintiff apparently seeks to draw a distinction between the last year of existence of a policy of term insurance and earlier years, as far as the application of unpaid dividends to unpaid premiums is concerned.

In answer to this argument it may first be said that on March 8, 1953 the officials of the Administration did not necessarily know that no premiums would fall due after June 8; the insured might have reinstated his policy in the meantime and become eligible for an automatic renewal thereof under the provisions of the Act of August 2, 1951, supra, in which case there would have been premiums falling due after the expiration of the policy's initial term.

Aside from that, however, we do not believe that Congress intended for such a distinction to be drawn. Prior to the passage of the Act of May 18, 1951 the pertinent regulation, 38 C.F.R., 1949 Ed., Section 8.26, permitted dividend accumulations and unpaid dividends to be applied on premium payments where written request for such application was made by the insured before default in the payment of a premium. An earlier regulation, 38 C.F.R., 1947 Supp., Section 10.3426, provided that dividends should "be paid in cash except that at the request of the insured they may be left to accumulate on deposit provided the policy is in force on a basis other than extended term insurance or level premium term insurance".[4] It will be noted that the 1949 regulation above mentioned expressly precluded the application of unpaid dividends to premiums with respect to which the insured was already in default; and, of course, Congress was familiar with that regulation when it passed the Act of May 18, 1951. We are satisfied that the only change which that statute made

was to dispense with the requirement that an insured who desired to have his dividends applied prospectively on premiums make a written request for such application; under the statute dividends are automatically applied to premiums subsequently falling due unless the insured requests a cash payment. Had the Congress intended to permit a dividend becoming payable at the end of the original term of a policy to be applied retroactively to unpaid premiums so as to prevent a lapse during such year, while limiting such application of dividends payable in earlier years to premiums subsequently falling due, it would have said so.

Plaintiff places reliance on U. S. v. Morrell, 4 Cir., 204 F.2d 490, 36 A.L.R. 2d 1374; but that case is clearly distinguishable from this. There, the insured paid premiums on his policy during a period of total disability with respect to which he was entitled to a waiver of premiums and thereafter ceased making payments and his policy lapsed. He recovered from his disability and returned to duty but died shortly thereafter. The amount of premiums paid by him during his disability was more than sufficient to have kept the policy alive for the period between his recovery from his disability and his death. It was held that the premiums paid during the disability, and with respect to which his beneficiary was entitled to a refund, should be applied to premiums which became payable after his recovery so as to revive the policy. That case did not involve dividends, the application of which to unpaid premiums is regulated by statute, but, rather, premiums which the insured actually paid during a period in which he was not obligated to pay them, and which he or his beneficiary was entitled to recover from the Government.

█ Plaintiff urges that all of the equities of the case are on her side; conceding for purposes of argument that that is true, the fact remains that she

---

4. The foregoing history of the regulations is derived from the opinion of the Court, including footnotes, in Weiss v. U. S., supra, 187 F.2d 610, 611–612.

cannot under the law recover on equitable considerations alone. Weiss v. U. S., supra. In order to prevail she must show "some statute, or regulatory basis within the framework of the statute" to establish her claim that the 1953 dividend should be applied retroactively to unpaid premiums so as to remedy the insured's failure to pay them. See Weiss v. U. S., D.C.N.Y., 103 F.Supp. 470, 473, affirmed per curiam, 2 Cir., 199 F.2d 454, certiorari denied 344 U.S. 934, 73 S.Ct. 504, 97 L.Ed. 718; and this, in our opinion, she has failed to do.

A judgment is today being entered dismissing the complaint herein at the plaintiff's cost.