254 F.2d 824
 Henrietta KANE, Individually and as Administratrix of the Goods, Chattels and Credits of Robert Walter Kane, also known as Robert W. Kane, Appellee,
v.
UNITED STATES of America, Appellant.
 No. 261.
 Docket 24948.
 United States Court of Appeals Second Circuit.
 Argued March 6, 1958.
 Decided April 23, 1958.
 
 George Cochran Doub, Asst. Atty. Gen., Paul W. Williams, U. S. Atty., New York City, Morton Hollander, Atty., Department of Justice, Washington, D. C., for appellant.
 William F. Campbell, Jr., Pearl River, N. Y., for appellee.
 Before LUMBARD, WATERMAN and MOORE, Circuit Judges.
 WATERMAN, Circuit Judge.
 
 
 1
 This action was brought pursuant to 38 U.S.C.A. § 817 by the mother and beneficiary of a deceased veteran to recover the proceeds of a National Service Life Insurance policy issued in the name of her deceased son, Robert W. Kane. The Government denied liability on the ground that the policy sued upon had lapsed prior to Robert's death for nonpayment of premiums. The District Court held that the Government was required to apply certain funds in its hands to the payment of premiums, thereby preventing a policy lapse, and rendered judgment for the plaintiff.
 
 
 2
 The relevant facts are not in dispute. Robert W. Kane was insured under a National Service Life Insurance policy issued on February 9, 1950 at a monthly premium of $3.20. Five years later this policy was renewed for an additional five year term at a premium of $3.30, payable in advance on the ninth day of each month. During February of 1955 a dividend of $16.50 became payable on the policy and the insured also had an additional dividend credit balance of $1.45. On March 21, 1955 the Veterans' Administration received a signed request, executed March 17 by the insured on the prescribed Veterans' Administration form, that all dividends held to his credit be paid him in cash. These dividends were never paid to him. The insured did not pay the April and May monthly premiums due on his policy. Thereafter in May the insured received another form from the Veterans' Administration advising him of the $16.50 dividend it was holding to his credit and offering him the choice of several elections with respect to it, among them being the right to receive the dividend in cash. This form also stated that in the absence of any election by the insured the Veterans' Administration would use the dividends to pay monthly premiums until the credit was exhausted if the insured did not otherwise pay them. The insured executed this form on May 19 indicating that he wished all the withheld dividends paid to him in cash. This form so executed was received by the Veterans' Administration on May 23, one day after the insured was killed in an automobile accident.
 
 
 3
 Prior to January 1, 1952 dividends accumulated upon a National Service Life Insurance policy could not be used by the Government to pay unpaid premiums except upon the written order of the insured. Dividends on National Service term insurance were payable only in cash. See Senate Report No. 219, 82nd Cong., 1st Sess., April 17, 1951, U.S. Code Congressional and Administration Service, 1951, p. 1435. Effective on that date Congress amended Section 602 (f) of the National Service Life Insurance Act, 38 U.S.C.A. § 802(f), in order to prevent the lapse of insurance policies when dividends are available for the payment of premiums; but, nevertheless, reserving to the policyholder the right to receive cash payment of dividends should he so indicate.[1] By this amendment it is clear that Congress intended to provide for National Service Life Insurance policyholders the "added protection" policyholders of commercial insurance companies enjoy, see Senate Rep. No. 219, supra, thus expressing once more the benevolent purposes of the Act so frequently recognized by the courts. See White v. United States, 1926, 270 U.S. 175, 46 S.Ct. 274, 70 L.Ed. 530; United States v. Morrell, 4 Cir., 1953, 204 F.2d 490, 36 A.L.R.2d 1374, certiorari denied 346 U.S. 875, 74 S.Ct. 128, 98 L.Ed. 383.
 
 
 4
 In defense to the mother's action the Government urges that after receipt by the Veterans' Administration of the form the insured executed on March 17 it was legally obligated to pay the accumulated dividends to him without any deduction for any unpaid premiums. However, the undisputed facts are that, despite the insured's March 17 request, the Government retained possession of the fund, again in May offered him the opportunity to make a new disposition of it, continued to have possession of it when he died prior to Government receipt of his new choice, and that the Veterans' Administration, and not the insured, enjoyed whatever benefits accrued from this possession of the dividend fund from February to May. The Government does not dispute that while it is retaining an insured's unallocated dividends the insured may change his choice of elections — such as a change from requesting cash to that of authorizing payment of premiums thereby — but it urges that such a change may operate only prospectively from the date of the change. No such limitation is contained in the applicable statute, 38 U.S.C.A. § 802(f). While it preserves the right of the insured to request the dividends upon his policy in cash, it also unequivocally provides that "dividend accumulations and unpaid dividends shall be applied in payment of premiums becoming due on insurance subsequent to the date the dividend is payable." Cf. United States v. Morrell, supra. Moreover, in analogous situations the courts have rejected the Government's contention that such premiums cannot be paid by retroactive application of funds held by the Government. Kubala v. United States, 5 Cir., 1954, 210 F.2d 943; United States v. Morrell, supra.
 
 
 5
 The result reached here is consonant with the Congressional purpose of preventing policy lapsation by the applying of dividends to the payment of premiums.
 
 
 6
 As the Government retained possession of the dividends until after the death of the insured, and application of these dividends to the premiums unpaid on the policy results in keeping the policy in full force and in avoiding a policy lapse during the insured's lifetime, it follows that plaintiff, as named beneficiary, is entitled to recover upon her son's policy.
 
 
 7
 The judgment below is affirmed.
 
 
 
 Notes:
 
 
 [1]
 The text of the amendment is as follows:
 "Provided further, That until and unless the Veterans' Administration has received from the insured a request in writing for payment in cash, any dividend accumulations and unpaid dividends shall be applied in payment of premiums becoming due on insurance subsequent to the date the dividend is payable after January 1, 1952."