**Delma E. (Dutton) JONES, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17554.**

United States Court of Appeals
Fifth Circuit.

May 21, 1959.

O. Jay Floyd and Kenny, Adkison & Floyd, Dallas, Tex., for appellant.

W. E. Smith, Asst. U. S. Atty., William N. Hamilton, Asst. U. S. Atty., Dallas, Tex., W. B. West, III, U. S. Atty., Fort Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and BROWN, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

"Is William Henry Dutton, Jr., dead? If so, did he die before the 26th day of February, 1946?"

With these two questions appellant has briefly stated the only issues in this case which sought recovery under a National Service Life Insurance policy. For while the unsuccessful Beneficiary urges questions of admissibility of evidence and prejudicial statements by Government counsel, consideration of these points is not necessary in our disposition of this appeal.

As might be suspected, this case involves the classic problems surrounding the presumption of death of an insured after seven years' unexplained absence. Mrs. Delma E. Dutton Jones, the appellant, was the beneficiary of National Service Life Insurance policy No. N17 377243 on the life of her son, William Henry Dutton, Jr., who disappeared from his station, Carrier Aircraft, Service Unit 36, Naval Auxiliary Air Station, Santa Rosa, California, on December 13, 1945. The Act in question is governed by 38 U.S.C.A. § 810, which provides, "If evidence satisfactory to the Administrator is produced establishing the fact of the continued and unexplained absence of any individual from his home and family for a period of seven years, during which period no evidence of his existence has been received, the death of such individual as of the date of the expiration of such period may, for the purposes of this subchapter, be considered as sufficiently proved."

Dutton disappeared December 13, 1945. The policy in question would have lapsed for nonpayment of premium about two months later—February 26, 1946. Thus, the Beneficiary has a more severe burden than merely showing the death of Dutton "as of the date of the expiration of such [seven year] period * * *." 38 U.S.C.A. § 810. She must show that Dutton met his death during the two months mentioned above, while the policy was still in force.

The case, limited to that issue, was submitted to a jury which returned a verdict for the Government, on the theory that she had not sustained this burden. The Beneficiary now makes essentially two complaints. (1) She contends that it was improper to allow Government counsel to argue his motion for directed verdict in the presence of the jury. He then stated, inter alia, "The statute says that at the end of seven years after he disappears it will be presumed he is dead at the end of that time, but there is no evidence whatsoever here, not one bit of evidence, to show that this man died anywhere within that short period of 45 days * * *." (2) She also contends that the Court erred in admitting the service record of Dutton, indicating his prior absence from duty on several occasions.

██ As it turns out, however, we need not reach either of these contentions. Although this case did not raise statute of limitation problems so often presented in these National Service Life Insurance cases, these principles are clear. The Beneficiary had the burden of proving that Dutton died during the 45 days in question. The fact that Section 810 provides for a presumption of death at the end of seven years does not preclude her sustaining this burden on this separate issue. But before her case could properly be submitted to the jury, she must come forward with *some* evidence to support this contention. But there was none. Except for the stipulated facts of issuance of the policy, payment of specified premiums, disappearance of Dutton from his Station December 13, 1945, designation of him as a straggler December 13, 1945, a deserter on January 13, 1946, and that neither of the parties had "any acceptable proof and evidence that * * * Dutton has ever been seen or heard from since December 13, 1945," the remainder of the evidence came from Dutton's mother, the Beneficiary. Boiled down it was that her son was a good boy, had always written her regularly and would visit her on leaves. This was insufficient to prove that Dutton must therefore have died in the critical two-months period. As there was no such evidence in this case, the District Court should have granted the Government's motion for directed verdict. See generally Peak v. United States, 1957, 353 U.S.

43, 77 S.Ct. 613, 1 L.Ed.2d 631; United States v. Willhite, 4 Cir., 1955, 219 F.2d 343; Rodgers v. United States, D.C.W.D. Ky.1955, 133 F.Supp. 62; 29 Am.Jur., Insurance § 1448 (1940).

Affirmed.